## JAMES BEGGS, Respondent, v. LEE SHELTON, Appellant.

St. Louis Court of Appeals. Submitted on Briefs, February 5, 1913. Opinion Filed April 8, 1913.

1. CONTRACTS: Building Contracts: Performance: Right of Recovery. Where a building contractor contracted to make

certain repairs to a building for a stipulated amount, and thereafter the owner directed him to make other improvements, he was not entitled to a commission for superintending the work done under the original contract.

2. ——: ——: Abandonment. Mere changes in a written or oral building contract, by which additional work is to be done, do not constitute an abandonment of the contract, and the mere fact that one who had entered into a contract to repair a building was directed by the owner to make other improvements would not constitute an abandonment of the contract, as to the work included therein, unless both parties agreed that it should.

3. ——: ——: ——: Instructions. An instruction that a contract to repair a building is deemed abandoned by a subsequent direction by the owner to make other improvements and perform other labor in the repairing of the building "materially different from the terms of the original contract," is erroneous for omitting all reference to any concurrent intention of the parties to abandon the original contract.

4. ——: Instructions: Meaning of Terms. An instruction that a contract to repair a building is deemed abandoned by a subsequent direction by the owner to make other improvements and perform other labor in the repairing of the building "materially different from the terms of the original contract," is erroneous for failing to define the term "materially different."

5. INSTRUCTIONS: Omitting Defense. An instruction which attempts to cover the whole case and leaves out a material part of a defense is erroneous.

6. DAMAGES: Instructions: Limiting Recovery. An instruction on the measure of damages should limit the recovery to the amount demanded in the petition.

Appeal from Dunklin Circuit Court.—Hon. W. S. C. Walker, Judge.

REVERSED AND REMANDED.

J. L. Fort for appellant.

J. R. Tribble for respondent.

REYNOLDS, P. J.—This is an action on an account for work and labor done, material furnished and money alleged to have been paid out by plaintiff

on account of defendant, the amount demanded, after allowing credits, being $766.41. At a trial before the court and jury, plaintiff recovered $470, for which judgment was entered. Filing a motion for new trial as well as one in arrest, defendant has duly perfected his appeal to this court.

The judgment in this case must be reversed and the cause remanded for an error in an instruction given at the instance of plaintiff. That instruction told the jury that if they found there was a contract in writing between plaintiff and defendant touching the amount which defendant was to pay plaintiff for doing certain work and furnishing certain materials in remodeling and repairing a building belonging to defendant in which the material, character and extent of the work to be performed was specified and set out and the particulars and value thereof agreed upon, "and shall further find that subsequent to the making of said contract defendant directed plaintiff to make other improvements and perform other labors in the repairing and remodeling of said building, materially different from the terms of the original contract, then such contract will be deemed to have been abandoned, and plaintiff will be entitled to recover the reasonable value of his services and the value of the materials furnished by him and used in said building, together with the amount reasonably expended for hire of laborers, transportation, drayage and express charges as explained in these instructions."

Plaintiff himself admitted in his testimony that defendant had requested him to give him an estimate in writing as to what it would cost to make certain repairs on his house and that plaintiff agreed to do this work for defendant for $2430; that after he delivered the estimate of the work to be done and at a price specified, defendant told him to go ahead and do the work. He started in on it and a few days afterwards

173 Mo. App. 9

defendant and his wife instructed him as to other things they wanted done in the house, other changes and alterations and additions, and that these amounted to an additional $1192.43. It appears, although this is not very clear, that in addition to doing the work, plaintiff had bought material and paid out some money for defendant. Included in the account filed is an item amounting to $542.28, which plaintiff claims as commission due him on the total expenditures for superintending the whole work.

It is clear that for that part of the work done under the contract as to which plaintiff himself testifies, no commission of any kind is recoverable. If plaintiff is entitled to any commission for superintending, it can only be on such work as he did outside of and beyond the items originally contracted for. The first instruction, which we have not thought worth while to set out, ignores this, and the second instruction, which we have copied as far as necessary, treats the alterations that were made in the plan as if it was an abandonment of the contract, and declares that the extension of the scope of the work plaintiff was to do, that is the additional work he was to put on the building, amounted to an abandonment of the original contract. That is an error.

Mere changes in a contract by which additional work is to be done, do not amount to an abandonment of the contract; the contract may be modified and still not be held to have been abandoned. The fact that subsequent to the making of the contract, defendant directed plaintiff to make other improvements and perform other labor, did not constitute an abandonment of the contract as to the work included in that contract. The extra work may be outside of that originally contracted for, but contracting for or doing that is no evidence of any abandonment of the contract for the other work, unless effected by mutual consent. This was ignored in the instruction.

Another error of this instruction is that it left out all reference to any concurrent intention of the parties to the contract, to their mutual, concurrent intention to abandon it.

Moreover this instruction, in the part we have copied, is erroneous in referring to the repairing and remodeling of the dwelling as being "materially different" from the terms of the original contract, without giving the jury any guide by which they were to determine what would make the work "materially different."

This instruction is further erroneous in that it entirely leaves out of consideration all of the defenses interposed by defendant. It attempted to cover the whole case and left out the very material part of it embraced in the defense. Such instructions are always held to be erroneous.

Counsel for respondent very earnestly argues that there is no proof of any written contract in the case. If that is true, then the reference in this instruction, asked by and given at the instance of plaintiff, was error. Whether the contract was verbal or written, plaintiff himself distinctly testified that he had started in on the work under a contract between himself and defendant to do certain work for a certain price, and that he entered upon the performance of that contract. It is immaterial whether it was in writing or verbal, it was a distinct, specific contract, according to plaintiff's own testimony. As before remarked, for so much of the work and labor done as fell within any contract, plaintiff, under no possible theory, can recover a commission, whether ten per cent or any other amount, upon the work and labor so done, unless so contracted.

It is well to call attention to the fact that the instructions given as to the measure of recovery, failed to limit the recovery to the amount demanded in the petition. We are not reversing for this, as no point

is made on it here, but call attention to it to avoid a like error if a new trial is had.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Allen, J.J*, concur.