## BAUDER et al. v. JOHNSON.
### No. 2507.

Court of Civil Appeals of Texas. El Paso.
March 26, 1931.

Rehearing Denied April 2, 1931.

J. H. McBroom and Frank B. Clayton, both of El Paso, for appellants.

C. W. Croom, of El Paso, for appellee.

PELPHREY, C. J.

This suit grew out of the sale of a Hupmobile automobile by appellants to appellee.

Appellee paid $450 to appellants, and executed a note for $300 due ninety days from date.

Appellee alleged that appellants and their authorized agents represented to him that the automobile was a little over one year old, was in perfect mechanical condition, and that it had run less than 17,000 miles; that he relied upon such representations; that the representations were untrue, in that the automobile was over two years old, was not in perfect mechanical condition, and had been run over 35,000 miles; that, upon learning the untruthfulness of the representations, he tendered back the automobile and demanded the return of the amount he had paid thereon, and tendered the automobile into court, demanding the return of the amount paid by him and the cancellation of his note for $300.

In the alternative he alleged the automobile, if it had been as represented by appellants, would have been worth the contract price of $750, but that it was actually worth only $300, and that he was damaged in the sum of $455, for which he sued.

Appellants answered by general demurrer, general denial, and by cross-action, seeking to recover the amount of the note given by appellee, together with interest and attorney's fees.

The jury, in response to special issues, found that J. M. Morrison (who the record shows was a salesman for appellants) told appellee that the automobile was a little over a year old, was in perfect mechanical condition, and had been run less than 17,000 miles; that these statements were untrue; that appellee relied on these statements, and would not have entered into the transaction but for such representations; and that the reasonable cash market value at the date of the sale was $455. Judgment was rendered canceling the note and in favor of appellants against appellee for the sum of $5.

This appeal is from such judgment.

### Opinion.

The third point presented by appellant is that the court should have instructed a verdict in their favor because (1) there was no evidence of reliance by appellee on the misrepresentations alleged to have been made, and (2) there was no evidence that the car was worth less than the price paid for it, and hence no showing of damage resulting from the misrepresentations.

The judgment rendered by the trial court was one for damages, according to our view of its effect.

The court did not award the automobile to appellants; neither did he give appellee judgment for the amount paid by him. Both of these things would have been necessary in a judgment for rescission.

The judgment rendered evidently was based on the finding of the jury that the automobile was worth only $455 instead of the contract price of $750, which would show that appellee was damaged in the sum of $295. He then evidently, in offsetting that amount against the outstanding $300 note, did so by canceling the $300 note and rendering judgment in favor of appellants for $5; that sum being the difference between the $295, or damage suffered by appellee on account of the fraud, and the $300 note.

■ It cannot be disputed that a recovery of damages for fraud cannot be had unless there is allegation and proof that the article received was worth less than the amount paid. Therefore, unless there is proof here that the automobile was worth less than $750, there can be no recovery of damages for the fraud.

We have read over the testimony with care, and find no evidence to show that the car was worth less than the $750 contracted to be paid, and all the evidence on the question of value seems to show that it was worth that amount or more.

Tom Ford, the prior owner of the automobile, said he considered it well worth $750 at the time he traded it to appellants.

George Putnam said he did not know the value of the car, but that, as far as he knew, it was doing nicely and performed all right while Ford owned it.

J. L. Roberts, an auto mechanic, said he worked on the automobile a short while before Ford disposed of it; that it was in first-class shape, and in his judgment was worth $750.

H. W. Bauder, one of appellants, said they took the automobile in at $765, and that its reasonable market value was around $750.

■ It seems also to be well settled that the equitable remedy of cancellation is not available because of fraudulent representations made to induce the execution of a contract, unless it be shown that some pecuniary damage has resulted to the party claimed to be aggrieved. Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Bryant v. Vaughn et al. (Tex. Sup.) 33 S.W.(2d) 729.

■■ It is therefore clear that, under the record here, appellee was not entitled to either form of the relief prayed for. We cannot agree with appellant that the little card reading: "Continental No. 1. · Stanton and Montana. Phone Main 42, El Paso, Texas. Greased 36296. Date, 12—30—29, Oil chgd. 6 qts. heavy, Mileage 36296. Date 12—30—29. by Geo.," was not properly admitted in evidence; it being shown that the prior owner of the car had had it serviced at the station designated; that it was the custom of that station to put such a card on cars greased there; that the card in question was found on the car bought by appellee; that the card was in the handwriting of the witness Putnam, who testified that he had on occasions serviced the car while Ford owned it.

■ The testimony of appellee and his son as to the representations made by Morrison were properly admitted. Edward Thompson Co. v. Sawyers, 111 Tex. 374, 234 S. W. 873, and authorities cited.

Because of the lack of evidence as to pecuniary damage, we think the judgment must be reversed and the cause remanded.