**H. W. BROADDUS CO., Inc., v. BINKLEY et al.**

No. 2738.

Court of Civil Appeals of Texas. El Paso.
Oct. 27, 1932.

Rehearing Denied Dec. 1, 1932.

Harrison, Scott & Rasberry, of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, S. P. Weisiger, W. O. Hamilton, and E. F. Cameron, all of El Paso, for appellees.

HIGGINS, J.

Appellant brought this suit against J. B. Binkley and Dr. R. B. Homan to recover a broker's commission. Dr. Homan in writing submitted an offer to exchange certain lots owned by him in the city of El Paso, upon which four business houses are situate, for lots in said city owned by Binkley upon which an apartment house is situate. This offer was, in writing, accepted by Binkley. Appellant acted as/agent in negotiating the contract; each defendant agreeing to pay it a commission for its services. Later a supplemental agreement relative to the contract of exchange was entered into between the defendants. Thereafter Binkley declined to carry out the contract.

In justification of his refusal to finally consummate the contract, Binkley set up various defenses, all of which were found against him except the issue of fraud. This issue is sufficiently indicated by special issues 5, 6, 7, 8, and A, submitted by the court. These issues, with the answers returned, read:

"Question No. Five: Do you find from a preponderance of the evidence that Plaintiff, acting through J. M. Broaddus, represented in substance to the defendant, Binkley, prior to the time he signed said contract of exchange, that the three tenants who had leases on portions of the property of the said R. B. Homan were all financially responsible? Answer: 'Yes.'

"Question No. Six: Do you find from a preponderance of the evidence that such representation, if same was made, was false? Answer: 'Yes.'

"Question No. Seven: Do you find from a preponderance of the evidence that the said J. B. Binkley believed such representations and relied thereon? Answer: 'Yes.'

"Question No. Eight: Do you find from a preponderance of the evidence that such false

representations, if such representation was made and was false, operated as a material inducement to the said J. B. Binkley to sign the said contract of exchange? Answer: 'Yes.' "

"Special Issue 'A': Do you find from a preponderance of the evidence that the defendant, Binkley on the date of executing the the supplemental agreement relating to the exchange of property had notice of the falsity of such false representations, if any false representations were made? Answer: No."

Upon the findings shown, judgment was rendered in favor of defendants.

J. M. (Morgan) Broaddus represented appellant in submitting to Binkley the Homan offer and in procuring Binkley's acceptance thereof. At that time the business houses upon the Homan property were under lease to and occupied by different parties.

It was contended by Binkley he was induced to enter into the contract to exchange by false and fraudulent representations made by Broaddus concerning the financial responsibility of Homan's tenants.

It is contended by appellant that the representations, if any, made by Broaddus were, as a matter of law, mere expressions of opinion rather than representations of fact; or, in any event, it was a question of fact whether the representations were expressions of opinion or representations of fact, and the court erred in refusing to submit an issue requested by it inquiring whether the representations were made by plaintiff as mere expressions of opinion and received as such by Binkley.

Statements of the character here involved are not infrequently equivocal in their nature and are susceptible of different interpretation. Each case in large measure depends upon its own facts. When the statement is so equivocal that it cannot be determined as a matter of law, whether it is made as a representation of fact or as the expression of an opinion, then the question is one of fact for the jury.

On the other hand, the statement may be of such character and made under circumstances as to stamp it, as a matter of law, as a representation of fact or expression of opinion as the case may be. 12 R. C. L. 446. With reference to the statements made to him by Broaddus concerning the tenants, Binkley testified substantially that he (Binkley) asked about them; whether they were good tenants. Broaddus said they were all good tenants; that he had made the leases himself; he inquired why the doors of the Brownlee Laundry were closed. Broaddus said Brownlee had been sick, he was a good tenant; that he had investigated Brownlee and found he was a rich man, and you need not worry about him because he was not doing business; they were

all A1, good tenants because he had looked them all up and found them—their credit—in A1 condition; that he made the leases himself and knew the people; "he had looked up every one of them and found them to be financially responsible." "I asked him what he meant by good tenants and he said tenants that had been investigated and found to be responsible" and that they were paying their rent as it became due.

This testimony shows Broaddus undertook to state facts concerning the financial responsibility of the tenants based upon investigation made by him; that he negotiated the leases. He assumed to speak with knowledge of the facts, and what he stated was in our opinion, as a matter of law, a representation of fact rather than expression of opinion.

It is true Broaddus denied making any statement concerning any of the tenants except Brownlee, but it merely raises the issue as to whether he made the statement as testified to by Binkley. He admits making a statement concerning Brownlee, but the variance between his testimony and Binkley's concerning Brownlee merely raises the issue of whether he made the statement concerning Brownlee as testified to by Binkley.

If Broaddus made the statements testified to by Binkley, they are, as a matter of law, to be treated as representations of fact concerning the financial responsibility of the tenants. Hoyt v. First Nat. Bank (Tex. Civ. App.) 247 S. W. 637; Boles v. Aldridge, 107 Tex. 209, 175 S. W. 1052; Gardner v. Dorsey (Tex. Civ. App.) 272 S. W. 266; Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918.

They are not of that uncertain character which would carry to the jury the issue of whether they were made as representations of fact or the expression of opinion.

Appellant objected to the eighth question submitted by the court upon the ground that it did not place upon Binkley "the correct burden," and in connection with such objection requested the court to submit this issue: "Do you find from a preponderance of the evidence that such false representations, if said representations were made and the same were false, operated as a material inducement to the said J. B. Binkley to sign such contract of exchange, without which such false representations the defendant Binkley would not have signed such contract of exchange?"

The court gave this instruction:

"By the term 'material inducement' as used in the issues submitted to you is meant:

"That the representations in question operated materially to induce the execution of the contract in question; it need not be the sole inducement leading the party to execute the contract but it must have a material effect in inducing said party to execute such contract."

The refusal of the requested issue is assigned as error.

The court's definition of the term "material inducement" was correct. No exception thereto was taken by appellant. The eighth question was framed in harmony with the definition as given. The requested issue was not, and to have given the same would have tended to confuse the jury.

We think the issue of material inducement was correctly submitted by the court, and it was unnecessary to incorporate in the submission the further inquiry as to whether Binkley would have signed the contract without "such false representations." 12 R. C. L. p. 299, § 61; 26 C. J. p. 1104, § 34; 20 Tex. Jur. p. 53, § 30; Hester v. Shuster (Tex. Civ. App.) 234 S. W. 713.

Appellant complains of the failure of the court to define "notice" as the word is used in issue A, and in this connection also complains of the refusal of a requested charge and issue.

The requested charge reads: "You are instructed in connection with question No. 6 that if defendant Binkley was in possession of facts which would place a reasonable and prudent person upon inquiry, and which if diligently pursued, would have disclosed the untruthfulness of the representations, if any, made by said Morgan Broaddus to the said defendant Binkley, said representations would not in law be considered false."

The requested issue reads: "Do you find from a preponderance of the evidence that before or at the time the said defendant Binkley executed and delivered the supplemental agreement wherein he obligated himself to convey the furniture in his, Binkley's apartment, to the defendant Homan, he, Binkley, was in possession of facts which would place a reasonably prudent person upon inquiry which, if reasonably pursued, would have discovered the untruthfulness of the representations, if any, made by the said Morgan Broaddus to the defendant, Binkley?"

The failure to define "notice" presents no error, for the reason that no exception was reserved to the failure so to do, nor was any definition thereof otherwise requested.

The requested charge was properly refused for two reasons: First. Because it was a charge general in its nature undertaking to instruct the jury as to the law arising upon the facts. In special issue submissions such charges are improper. Connellee v. Nees (Tex. Com. App.) 266 S. W. 502. Second. The recitals of fact incorporated in the charge relate, not to the falsity of the representations as the charge asserts, but rather to the issue of constructive notice to Binkley of such falsity.

As to the issue quoted, its refusal presents no error. It relates to the issue of constructive notice of the falsity of the representations. Appellant's contention in this connection is that Binkley's knowledge that the Brownlee Laundry was closed and not operating was, of itself, sufficient to place Binkley upon inquiry.

Binkley testified: "Well, I asked him about different tenants, how, were they good tenants, and he said, yes they were, he said they were all good tenants, said he had made the leases himself; and I asked him about why was the Brownlee Laundry vacant, it was not vacant but the doors were closed, and he said, well, he said Mr. Brownlee had been sick, and he said that he had been sick and he was a good tenant, that he had investigated him right along and found he was a rich man and you need not worry about him because he was not doing business."

Binkley had the right to rely upon this explanation by Broaddus, and appellant cannot complain that he did so. Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Hawthorne v. Walton (Tex. Civ. App.) 30 S.W.(2d) 397.

We think the evidence insufficient to put Binkley upon inquiry as to the truth of the representations made to him.

Nor does the evidence raise any issue as to any independent investigation made by Binkley which would bar his right to rely upon the representations, for which reason the refusal of appellant's requested issues C and D, referred to in the seventh proposition, present no error.

Those propositions are also overruled which question the sufficiency of the evidence to establish the falsity of the representations made concerning the financial responsibility of the tenants. We regard the evidence as ample to raise the issue and to support the finding made thereon.

The court did not err in refusing the charge requested with respect to the burden of proof upon the issues of fraud.

A correct definition was given of the phrase "preponderance of the evidence," and the issues as framed were each prefaced by the language, "Do you find from a preponderance of the evidence," etc. Each issue thus correctly carried its own instruction upon the burden of proof, and no further charge thereon was necessary. Texas, etc., v. Finney (Tex. Civ. App.) 45 S.W.(2d) 298; Vletas v. Stagner (Tex. Civ. App.) 45 S.W.(2d) 1009; Davis v. Morrison, (Tex. Civ. App.) 14 S.W.(2d) 296.

Propositions 9 and 10 complain of the overruling of special exceptions to the answer of Binkley.

The exception referred to in the tenth proposition is based upon the theory that the representations were mere expressions of opinion. What has heretofore been said upon this phase of the case rules adversely upon this exception.

The exception referred to in the ninth proposition objected to the expressions: "And they will continue to keep said premises and could continue to pay the rent on said premises until the expiration of their leases," and further excepted to the expression: "And the three tenants who had leases on the stores located in the premises of R. B. Homan, described in said contract, would fulfill the terms of said leases." These, standing alone, may perhaps be subject to the objection that they were merely matters of opinion, but they were proper in connection with the other allegations as to the representations made concerning the financial responsibility of the tenants.

In any event, the overruling of the exception, if erroneous, was harmless. Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

Affirmed.