### LANE et ux. v. CUNNINGHAM et ux.
#### No. 1615—6027.

Commission of Appeals of Texas, Section A. March 15, 1933.

Baker & Baker and Critz & Woodward, all of Coleman, for plaintiffs in error.

36

G. A. Walters and N. C. Walker, both of San Saba, for defendants in error.

HARVEY, Presiding Judge.

In the year 1929, the defendant in error Robert Cunningham owned a tract of 98 acres of land in Callahan county, constituting the homestead of himself and his wife, Mamie E. Cunningham. The land was incumbered with an outstanding debt. The plaintiff in error J. T. Lane held, under a lease from the owner, a certain hotel in San Saba, and owned the furniture and fixtures located in the hotel. The furniture and fixtures were incumbered with an outstanding debt for the purchase money thereof. Lane had been operating the hotel for some time. On October 14, 1929, Lane, on the one hand, and Cunningham and his wife, on the other, entered into a contract in writing for the exchange of those respective properties. By the terms of the contract Cunningham and wife agreed to execute to Lane, on November 1, 1929, a deed to the tract of 98 acres of land; and Lane agreed to execute a bill of sale to the hotel property. The Cunninghams agreed to assume the outstanding debt against the furniture and fixtures, and Lane agreed to assume the debt against the 98 acres of land. On October 24, 1929, Cunningham and his wife signed and duly acknowledged a deed to the tract of land; in which deed Lane was named as grantee. As to the fact of delivery of said deed, for the purpose of giving effect thereto, the testimony is sharply conflicting; and this, too, is the state of the testimony relative to the alleged false representations of Lane hereinafter stated. With reference to the delivery of said deed, it appears in testimony that, in the trade, a part of the mineral rights in the 98-acre tract was to be reserved to the Cunninghams. The notary who drew the deed was uncertain whether the reservation mentioned should be expressed in the deed, and therefore did not include such a provision in the deed drawn by him. Cunningham and his wife, however, signed and acknowledged the deed as drawn; but same, according to the testimony of Cunningham, was not delivered to Lane. Cunningham testified that he, accompanied by Lane, took the deed to an attorney in the town of Coleman, and submitted same to the attorney for his advice as to whether the reservation relative to the mineral rights should be expressed in the deed. The attorney advised that the reservation should be expressed in the deed. Whereupon Cunningham left the deed with the attorney with instructions to him to prepare a new deed for Cunningham and his wife to execute. The preparation of the new deed required the procuring by the attorney of certain data from the deed records of Callahan county, regarding the extent of mineral rights which the Cunninghams had previously conveyed to third persons. Pending the procuring of this data by the attorney, Lane, by some means unknown to Cunningham or his wife, obtained from the attorney the possession of the deed, and had same put of record in Callahan county. In the meantime, and pending the delay in finally closing the trade, the Cunninghams, with the consent of Lane, took possession of the hotel property. A short time later, Cunningham renounced the trade, and gave Lane notice to that effect. A new deed to the 98 acres was never executed by the Cunninghams. A short time after Cunningham renounced the trade, he and his wife brought this suit seeking to cancel the trade contract and the deed that had been placed of record. The grounds alleged were (1) that the deed had not been delivered, and (2) that the trade was induced by fraud on the part of Lane. The fraud in the latter respect was alleged to consist of false representations by Lane, as follows: (1) That the rental for the hotel, up to November 1, 1929, had been paid to the owners of the hotel; (2) that a certain part of the hotel building, which was used and occupied by a tenant of Lane as a drug store, was producing rental at the rate of $110 per month; (3) that another part of the building, which was used and occupied by a tenant of Lane as a café, was producing rentals at the rate of $110 per month; (4) that certain rooms in the hotel were occupied by permanent lodgers who paid $30 and $35 per month apiece for the use of the rooms; (5) that the operation of the hotel since June, 1928, had produced a clear profit. There was testimony introduced to show that Lane made the above representations and that same were false, but there was neither pleading nor proof to show that there was any difference in value between the exchanged properties.

In answer to a special issue on the subject, which was submitted to them, the jury found that the deed in question had never been delivered. In answer to other special issues submitted to them, the jury found that Lane made the several false representations stated above, and that same induced the trade. The trial court rendered judgment in favor of the Cunninghams awarding them the relief sought, and that judgment has been affirmed by the Court of Civil Appeals.

█ The question of controlling importance relates to the relief sought and obtained by the Cunninghams in respect to the false representations made by Lane. The established rule is that where the equitable relief of cancellation or rescission is sought, on account of fraud, a court of equity will not grant such relief unless the complaining party has suffered pecuniary damage as a result of the fraud. Such damage is not regarded in equity as having arisen unless the rights or things parted with, by the complaining party, are of greater value than those which he received; or unless he was induced by the fraud "to

incur legal liabilities or obligations different from that represented or contracted for." Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1; Bryant v. Vaughn (Tex. Sup.) 33 S.W.(2d) 729. The above rule of equity should not be confounded with the measure of damage in suits at law for the recovery of damages for fraud, as provided in article 4004 of the statutes. See Sibley v. Ins. Co. (Tex. Sup.) 36 S.W.(2d) 145. The Cunninghams, as already indicated, do not seek damages on account of the alleged false representations of Lane, but seek relief in equity by way of cancellation or rescission. They have failed to present, by either pleading or proof, a case calling for such relief. It is manifest from the record that the case was tried and decided in the trial court on the erroneous theory that, regardless of the absence of a showing of resulting injury, the alleged false representations of Lane afforded ground for cancellation as sought by the Cunninghams. Lane, in various ways, duly preserved his right to complain of the rulings of the trial court involving the application of the erroneous theory upon which the case was tried and decided. The fact that there was testimony to show, and the jury found, that the deed in question was never delivered, and therefore never became effective, does not render harmless the errors committed by the trial court in the other respect.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed and that the cause be remanded.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.