TEXAS EMPLOYERS' INS. ASS'N v.
McCARTY.
No. 2373.
Court of Civil Appeals of Texas. Beaumont.
May 18, 1933.
Rehearing Denied June 7, 1933.

·A. L. Calhoun and David C. Marcus, both of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellee.

WALKER, Chief Justice.

Appellee, S. E. McCarty, was the employee; Yount-Lee Oil Company, the employer; appellant, Texas Employers' Insurance Association, the compensation insurance carrier. While in the due course of his employment on the 9th of May, 1931, under circumstances entitling him to compensation, appellee received injuries resulting in a hernia, entitling him to compensation therefor under the provisions of article 8306. § 12b, R. S. 1925. On the 13th of May following, appellant, acting through its duly authorized agent, J. O. Bruner, entered into a written contract of settlement with appellee, whereby it paid him the sum of $300 in full settlement of his injuries. This suit was brought by appellee against appellant to annul and cancel this contract of settlement, on allegations that it was procured through fraud, and that at the time appellee executed the contract he did not know and understand the legal effect of the instrument signed by him. The judgment of the court canceled the contract on the following verdict of the jury: (a) At and before the execution of the release the agents of appellant made "false representations" to appellee such as were alleged by him in his petition; (b) appellee believed the "false representations" made to him by appellant's agents; (c) appellee was induced to sign the written contract of release by reason of the "false representations" made to him by appellant's agents; (d) at the time appellee signed the written contract of release he did not know and understand its legal effect. It was further found that appellee sustained an injury in the course of his employment with Yount-Lee Oil Company on or about the 9th day of May, 1931; that such injury resulted in hernia; that the hernia appeared immediately after the injury; that it appeared suddenly; that the hernia did not exist in any degree prior to the injury; that the injury was accompanied by pain; and that his hospital treatment, including his doctor bills, was of the reasonable value of $289.

Opinion.

Over objection of appellant, the court refused to define the term "false representations," as used in questions 1, 2, and 3, quoted above. On authority of Southern Surety Co. v. Solomon (Tex. Civ. App.) 4 S.W.(2d) 599, this term should have been defined, and the court committed reversible error by overruling appellant's exception.

Issue No. 9, submitted to the jury, was as follows: "Did such hernia, if any, exist in any degree prior to the injury?" Appellant objected to this issue on the ground that appellee was not required, by the charge of the court, to establish it by a preponderance of the evidence. Under article 8306, §

12b, the burden rested upon appellee to establish the affirmative of this issue, by a preponderance of the evidence, and it was reversible error for the court to refuse to instruct the jury to this effect. Eagle, etc., Ins. Co. v. Head (Tex. Civ. App.) 47 S.W.(2d) 625; Psimenos v. Huntley (Tex. Civ. App.) 47 S.W. (2d) 622; Houston & T. C. Railway Co. v. Stevenson (Tex. Com. App.) 29 S.W.(2d) 995; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210. This error was not immaterial, because issue No. 9 was one of the determinative issues in the case. The burden rested upon appellee to establish the fact that, but for the settlement, he would have received more than $300; and that issue was established by the verdict of the jury, finding the essential elements of hernia as prescribed by article 8306, § 12b. Indemnity Insurance Co. v. Sterling (Tex. Civ. App.) 51 S.W.(2d) 788.

The issue the court refused to submit, of which appellant complains, was immaterial to any issue in this case.

■ There is no merit in appellant's proposition that the representations made by its agent to appellee, upon which the settlement was made, "were representations of law, not of fact," and that appellee was entitled to an instructed verdict because there was "no pleading or evidence" to show that such representations were made with intent to deceive.

The following issues were raised by the evidence, fully supported by the pleadings: Appellant's agent refused to give appellee hospital treatment for his hernia unless and until he signed the contract in issue, and represented to appellee that he could secure the treatment only by signing the contract; in refusing appellee hospital treatment, the agent knew that appellee was a poor man, that he had been refused hospital treatment until he adjusted his claim with appellant, that appellee was very sick, suffering intense pain, and was in need of immediate treatment and that he could secure this treatment only on his orders; appellee was mentally unable to understand the nature of the contract because of his sickness and suffering, and when he signed it thought it was only for the purpose of securing hospital treatment and not in full settlement of his claim for compensation; had he known the exact nature of the contract he would not have signed it; appellant's agent was fully aware of the extent of appellee's rights under the law; appellee did not know the extent of his rights, but relied upon appellant's agent to protect him, and, believing that the agent was telling him the truth as to his rights, signed the contract; the contract contained false statements as to a controversy between appellee and appellant's agent as to

the nature of appellee's injuries; the check from appellant, relied upon by it in liquidation of the contract of settlement, was tendered appellee and accepted by him and indorsed by him when he was delirious and wholly unable to understand what he was doing.

The issues on false representation, presented by the foregoing statement, do not constitute mere "representations of law," as defined by 36 C. J. 1207; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Garsee v. Ins. Co. (Tex. Civ. App.) 47 S.W.(2d) 654, relied upon by appellant to support its proposition. But the pleadings and the evidence raised the issue of false representations of fact, such as submitted by the court in its charge, and the answers of the jury to said issues were sufficient to support the judgment of the trial court, except for the errors above discussed.

It follows that the judgment of the lower court should be reversed, and the cause remanded for a new trial, and it is accordingly so ordered.