## PORTER et ux. v. ROBINSON.

### No. 3341.

Court of Civil Appeals of Texas. El Paso.

March 19, 1936.

Rehearing Denied April 9, 1936.

Davenport & Ransome, of Brownsville, for appellant.

P. F. Dominy, San Benito, and J. I. Coursey, of Harlingen, for appellee.

WALTHALL, Justice.

Charles Robinson brought this suit against R. A. Porter and wife to rescind a certain land purchase contract, to recover the purchase money paid, to cancel the purchase money note, and to recover the value of expenditures made on the land purchased under the contract. Robinson alleged that he was induced to buy of defendants the land described, by reason of false representations as to said land. The court submitted the issues to the jury, and the jury found all issues submitted in favor of appellee, Robinson.

The land sold to Robinson by Porter consisted of ten and six-tenths acres for which Robinson agreed to pay $500 per acre. Robinson paid $1,438 cash, and executed his note to Porter for $4,050, due in five years, with interest.

The court entered judgment in favor of Robinson canceling the $4,050 note, and judgment in favor of Robinson against both appellants jointly and severally in the sum of $1,438, with interest from the date of the judgment, from which the Porters prosecute this appeal.

## Opinion.

In his suit to cancel the contract for the purchase of the land and to have the judgment awarded him for the money paid and the cancellation of the unpaid note, Robinson did not plead or prove the value of the land purchased.

Appellants filed and presented a general demurrer to appellee's petition, which was overruled; filed a request for a peremptory instruction in their favor which was overruled.

Appellants submit that the value of the land sold was an essential fact to be pleaded and proved in order to entitle appellee to the judgment awarded him.

The representations made by appellants to appellee as an inducement to purchase the land, and which the jury found were false, were substantially to the effect that farmers in the Rio Grande Valley averaged a net profit of $200 to $300 per acre on potatoes; $200 and up on tomatoes, and from $100 to $1,000 per acre on beans; that the farmers in the valley never had any difficulty in selling their produce for a sufficient price to make the profits above mentioned; that citrus fruits had never sold in the valley for less than $1.65 per box, net profit to the grower; that citrus trees in the valley, during their third year, on ten acres, would yield a net profit of $3,600.

The portions of article 4004 of the Rev. Civil Statutes of 1925, claimed to have application to the facts here, read:

"Actionable fraud in this State with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to

another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason. All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract.

"All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons wilfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

It will be observed from what has been said that the fraud charged is with regard to a transaction in real estate and consists of false representations of a past or existing material fact, the productiveness of the land in the particulars stated. The liability of the party guilty of such fraud to the party defrauded is fixed by the article at all actual damages suffered and the rule of the article in fixing the damages as stated to be the difference between the value of the property as represented and its actual value as delivered.

The article has been before the courts for construction several times since its passage in 1919.

■ Appellee had his choice of remedies: He could stand on the purchase of the land contract and in a suit at law recover his damages occasioned by the false representations, or he could by a suit in equity, as here, rescind the contract, and return the land bought and receive back what he paid. Appellee elected to rescind the contract, and tendered back the deed to the land, and asked to have back what he paid. In doing so he showed as his damages that the land purchased did not possess the productive qualities represented, and the market for what was produced was not as represented.

We have concluded that, the suit not being one at law for damages, the rule for the measure of the damages in article 4004 has no application, and it would not be necessary to plead or prove the value of the land purchased. Lane et ux. v. Cunningham et ux. (Tex.Com.App.) 58 S.W.(2d) 35, and cases there referred to.

■ Under Gilmer v. Graham (Tex.Com.App.) 52 S.W.(2d) 263, the burden of proof was properly and sufficiently placed upon the appellee. To the same effect is H. W. Broaddus Co. v. Binkley (Tex.Civ.App.) 54 S.W.(2d) 586; Texas Employers' Ins. Ass'n v. Finney (Tex.Civ.App.) 45 S.W. (2d) 298; Davis v. Morrison (Tex.Civ.App.) 14 S.W.(2d) 296.

After submitting to the jury to find from a preponderance of the evidence whether Porter represented to Robinson what the average net profits per acre would be per year on potatoes, tomatoes, beans, and citrus fruit, as in the issues above stated, in issues 3, 6, 9, and 12, the court submitted to the jury to find whether such representations, if any, were "material inducements" to Robinson to purchase the land in question.

■ Appellants objected to the use of the term "material inducement" because the term is not defined. The court overruled the objection, and appellants complain.

Our courts have held the term "material inducements," as used in the charge, has a legal meaning. United States F. & G. Co. v. McCollum (Tex.Civ.App.) 70 S.W.(2d) 751, and cases cited. Article 2189 provides that in submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary, etc. The statute requiring a proper definition of legal terms is mandatory in submitting cases on special issues. 3 Tex.Jur. pp. 211, 212, 213, and cases there referred to in the notes. The objection made to the charge is sufficient to call the court's attention to the necessity of defining the term without tendering any special charge.

For the error in not defining the legal term used, the case is reversed and remanded.