## J. I. CASE CO. v. FRY.

### No. 4990.

Court of Civil Appeals of Texas. Amarillo.

Feb. 13, 1939.

Ayres & Ayres, of Floydada, Ben P. Monning, of Amarillo, and Henry D. Akin, of Dallas, for appellant.

L. G. Mathews, of Floydada, for appellee.

STOKES, Justice.

On July 24, 1934, appellee, O. W. Fry, purchased a farm tractor from appellant, giving in part payment therefor two notes, one in the sum of $398, due December 1, 1934, and one in the sum of $399, due July 1, 1935. The notes were payable to Wilson & Sons Lumber Company, the local dealer at Floydada, provided for interest at seven per cent per annum, were assigned by the payee to appellant, and were secured by a chattel mortgage on the tractor. The $398, note was paid by appellee and, at his request, the second note was extended, appellee giving an additional chattel mortgage on one hundred acres of wheat and agreeing to make a payment of $30 at the time of its extension, $100 when the proceeds of the sale of some wheat were collected, and $20 per month, beginning April 1, 1936. At the time of the extension he gave to appellant two checks, one for $30 and the other for $20, the latter dated March 1, 1936. Payment on these checks was refused by the bank because of instructions given by appellee and this suit was filed by appellant on the note for $399, interest and attorney's fees, and to foreclose the chattel mortgage on the tractor and wheat.

Appellee answered by general demurrer, general denial, and special answer, setting up fraudulent representations made to him by the agents of appellant concerning the tractor, which, he alleged, induced him to purchase the same and execute the notes and chattel mortgages, the principal fraudulent representations alleged being that the tractor was a 1934 model, equipped with the latest devices, including shorter radius rods, oiling system, magneto coupling, and front wheel bearings larger than those formerly used. He alleged that the agents represented to him that these improvements added materially to the efficiency of the tractor, made it easier to steer and control and prevented dust from accumulating in the wearing parts. He alleged that these representations were false and made to induce him to purchase the tractor, sign the order and contract therefor, as well as the notes and chattel mortgages, and that he did not learn of the falsity of the representations until after he had executed the mortgage on his wheat and given the checks, payment of which was declined by the bank. Appellee alleged that by reason of the false representations the note sued upon and mortgages executed by him should be cancelled and held for naught. He prayed that upon final hearing he have judgment cancelling the notes and mortgages because of the fraudulent representations of appellant through its agents, for costs of suit and general relief.

The case was submitted to a jury upon special issues, all of which were answered in favor of appellee, and judgment was rendered denying appellant any recovery on the note and mortgages, decreeing them to be void and unenforcible, and granting appellee judgment for the costs of suit.

Appellant duly excepted to the judgment, gave notice of appeal and presents the case in this court upon a number of assignments of error and propositions in which it assigns error of the trial court, first, in overruling its motions for an instructed verdict and for judgment non obstante veredicto; secondly, in submitting certain special issues because they were not supported by the pleadings nor the evidence; thirdly, certain special issues were duplicitous and too general, and, fourthly, in refusing to submit special issues requested by it.

The first contention made by appellant is that, it having made a prima facie case

by introducing the note and chattel mortgages and appellee having failed to plead and prove he was damaged by the alleged fraudulent representations of the agent, the trial court erred in overruling his motion for a peremptory instruction and for a judgment non obstante veredicto.

There was no pleading by appellee to the effect that he had been damaged in any particular sum nor was any evidence offered to that effect. In both his pleadings and proof he sought to establish the fact that, at the time he purchased the tractor, the agents of appellant and the local dealer represented to him that the tractor was a 1934 model, the latest thing of its kind manufactured by appellant, and that it was equipped with short radius rods, and improved oiling system, magneto, and other devices that were improvements over those with which the earlier models were equipped. He alleged and proved that the tractor had been repainted and that, as a matter of fact, it was manufactured in 1929 or 1930, had been shipped to other dealers and remained in their show rooms for several years and, instead of being a late 1934 model, it was in fact an out-moded model of 1929 or 1930. The allegations and proof are to the effect that, when he discovered the tractor was not equipped with the more modern devices, and after it had shown the weaknesses which the agents represented to him had been overcome by the more modern equipment, he notified appellant's agents and they attempted to place upon it the devices with which they had represented it was equipped when he purchased it, but it being an old model and not originally designed for such modern devices, it still failed to perform its work in the efficient manner represented to him and that by reason of the fraud and misrepresentations perpetrated by the agents of appellant and their delivering to him the wrong tractor, the note sued upon and the chattel mortgage executed by him were unenforcible and should be cancelled and held for naught.

■ As we have stated, appellee did not seek to recover damages of appellant on account of the alleged false and fraudulent representations of its agents and representatives, but sought the equitable relief of cancellation of the note. He did not allege nor prove a case in which such relief can be granted. His contention seems to be that the note sued upon, which is the last of a series, should be cancelled on account of the alleged fraud practiced upon

him by the agents of appellant and that the question of whether or not he suffered any damage is immaterial. He does not allege nor prove that he was damaged in an amount equal to the principal, interest' and attorney's fees due upon the note but, in effect, seeks arbitrarily, and without either allegation or proof, to fix that sum as the amount to which he is entitled in the nature of an offset to the entire purchase price of the tractor and cancel the remaining indebtedness merely because, perchance, it represents the amount still due upon the transaction. No offer was made to return the machine and no effort made to recover the amount which he had paid nor any portion of it. Under the well established rules of law, appellee was not entitled to the relief sought. Few principles of law are better established than that in a case where false representations are alleged to have deceived a party and induced him to sign a contract, in order to avail himself of the equitable remedy of cancellation, he must not only allege and prove the falsity of the representations and that they misled him and induced him to sign the contract, but that he has been damaged thereby and the extent of his damages. Appellee's contentions in this respect furnish a striking example of the importance of the rule and its necessity for the proper administration of justice. He does not seek to rescind the entire contract, but to cancel one of the notes executed by him. He does not tender the tractor back to appellant nor seek to recover the amount he has paid. Obviously, therefore, if he should be permitted to recover upon the case pleaded and proved by him, it would, in effect, be permitting him arbitrarily to establish his own damages without pleading or proof. The amount of the note remaining unpaid would be of no consequence. He would, in effect, be saying to appellant, "You practiced fraud upon me and, therefore, I am not liable to you for the balance due on the transaction regardless of its amount".

■ There are exceptions to the rule that pecuniary damage is essential to fraud as a basis for rescission of a contract, but this case does not come within them. In the case of Nance v. McClellan et al., 126 Tex. 580, 89 S.W.2d 774, 106 A.L.R. 117, Judge Smedley, in delivering the opinion of Section B of the Commission of Appeals, observed that there were two qualifications, one being that proof of such damages is unnecessary in cases where the property re-

ceived by the purchaser is different in physical identity from that which he contracted to buy, or was induced by the seller's representations to believe he was buying, and the other when the property is, with knowledge on the part of the seller, purchased by the buyer for a particular use and is fraudulently represented by the seller to be suitable but in fact is wholly or substantially unfit for such use. This case comes within neither of the exceptions. Appellee does not show that the tractor was different in physical identity from the machine he contracted to buy nor is it shown that it was wholly or substantially unfit for the use for which he purchased it. On the other hand he inspected the tractor before he purchased it; used it on his farm continuously, and as far as is shown by the record it performed the work in at least a substantial manner. Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; Wright v. Davenport, 44 Tex. 164; Lane et ux. v. Cunningham et ux., Tex.Com.App., 58 S.W.2d 35; Bauder et al. v. Johnson, Tex.Civ.App., 36 S.W.2d 1112; Bryant et al. v. Vaughn et al., Tex.Sup., 33 S.W.2d 729; Liquid Carbonic Co. v. Migurski, Tex.Civ.App., 229 S.W. 661, 662.

In the case last cited, upon a contention very similar to that which is here presented, the Court of Civil Appeals at Beaumont said:

"In this case the court refused to give judgment for either party, apparently rendering judgment on the theory that appellee was entitled to the unpaid balance claimed by appellant as damages for the partial failure of the property to measure up to the representations of the salesman to appellee. Appellant contends that that was not the correct way of ascertaining what amount of damages, if any, appellee was entitled to by reason of said failure or breach of warranty, insisting that the general rule for the measure of damages for failure of the seller to deliver goods of the character contracted to be sold, when the buyer keeps the goods and attempts to use them, is the difference between the contract price and the market value of the goods delivered.

"We believe this contention is correct, and that in cases of this kind the general rule for ascertaining the measure of damages in the failure to deliver goods of the character contracted to be sold, when they are accepted by the buyer and used, is the difference between the contract price and the market value of the goods actually delivered.

Wright v. Davenport, 44 Tex. 164; Stark v. Alford, 49 Tex. [260] 275; Gilbert v. Gossard [Tex.Civ.App.] 73 S.W. 989; Miller-Stone Machine Co. v. Balfour, 25 Tex. Civ.App. 413, 61 S.W. 972; American Laundry Machinery Mfg. Co. v. Belcher [Tex. Civ.App.] 152 S.W. [853] 855."

Under the well established rules of law as reflected by the cases we have cited and many others, it is obvious that appellee was not entitled to the judgment rendered in his favor.

Other assignments of error are presented in the brief, but the disposition we make of the case upon those we have discussed makes it unnecessary to comment upon them.

 At the close of the testimony, appellant presented a motion for a peremptory instruction in its favor and, after the verdict was returned, it presented and urged a motion for judgment non obstante veredicto. Both of these motions were overruled and refused by the court. Appellant having made a prima facie case by the introduction of its note and mortgages and appellee not having shown a defense thereto which is valid in law, appellant was entitled to judgment and its motions should have been granted.

Because of the error discussed, the judgment will be reversed and judgment here rendered in favor of appellant for the amount due on the note sued upon, and foreclosure of its chattel mortgage liens.