**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Heleberto OLIVEREZ, Appellee.**

**No. 19112.**

Court of Civil Appeals of Texas, Dallas.

March 30, 1977.

Rehearing Denied April 28, 1977.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Frederick M. Baron, Dallas, for appellee.

AKIN, Justice.

This is a suit to set aside a workmen's compensation settlement agreement because of false representations made by the insurer's doctor upon which the plaintiff allegedly relied in settling his claim for an inadequate amount. Since the jury found that the plaintiff had relied on the false representations in settling the claim, the trial court rendered judgment setting aside the settlement. Appellant, TEIA, attacks only the jury findings relating to reliance and inducement to settle the claim on the grounds of no evidence and insufficient evidence. Because we hold that the jury's findings on these issues are supported by sufficient evidence, we affirm.

Appellee Oliverez suffered an injury to his left knee while acting in the course and scope of his employment. His employer sent him for treatment to Dr. Blackburn, who advised Oliverez that there was no serious injury and that he would be able to return to work in a few weeks. Despite continued pain in his knee, Oliverez did not seek treatment by another physician prior to the settlement of the claim approximately one year after the injury. However, after the settlement, Oliverez consulted another physician who performed surgery on the knee. Oliverez then brought this suit to

set aside the settlement and to grant additional compensation. In accord with plaintiff's position, the jury found that Dr. Blackburn made each representation; that each was false; that Oliverez relied on each representation; that each representation was a material factor in inducing Oliverez to settle the claim; and that Dr. Blackburn was acting in behalf of TEIA in making each representation. On this appeal, TEIA asserts that there is no evidence or, alternatively, insufficient evidence to support the issues concerning reliance and inducement to settle the claim.

■ Regarding reliance, TEIA contends that the evidence shows that Oliverez did not believe Dr. Blackburn and that he could not, therefore, have relied on the doctor's representations in settling his claim. The basis of this contention is Oliverez's testimony, which included certain inconsistent and contradictory statements. Oliverez testified on direct examination that he believed Dr. Blackburn and would not have settled had he known the true facts; however, TEIA points to testimony elicited on cross-examination that Oliverez did not believe what Dr. Blackburn told him at the time he was released. From this testimony, appellant urges us to conclude that, as a matter of law, Oliverez did not rely on the doctor's representations in settling his injury claim.

In support of this contention, TEIA cites two cases, *United States Fidelity & Guaranty Co. v. McCollum*, 70 S.W.2d 751 (Tex.Civ. App.—El Paso 1934, no writ) and *Alvarez v. Employers' Fire Ins. Co.*, 531 S.W.2d 218 (Tex.Civ.App.—Amarillo 1975, no writ). *Alvarez* is distinguishable because the claimant did not testify that she believed or relied on statements made by the insurer's doctor. Oliverez, on the other hand, did testify that he believed Dr. Blackburn and relied on his representation that his knee was "all right." In *McCollum*, the claimant testified on direct examination that he believed and relied on statements made by the insurer's doctor when he signed the settlement. However, on cross-examination, he testified that he did not believe the doctor's statement. The court noted the general rule that it is the jury's province to resolve inconsistencies and contradictions in testimony, but went on to say that the testimony on cross-examination was so positive that it robbed the contrary statement of all probative force. In the case here, Oliverez is an illiterate manual laborer who exhibited great difficulty in understanding the English language at both the trial and the deposition. This is apparent from reading his testimony as a whole, and his testimony on cross-examination was not so positive and clear as to rob his contrary statement of all probative value. The determination of which portion of his inconsistent and contradictory testimony should be believed was for the jury. *Lynch Oil Co. v. Shepard*, 242 S.W.2d 217, 218 (Tex.Civ.App.—Eastland 1951, writ ref'd); *see Webb v. Jorns*, 488 S.W.2d 407, 411 (Tex.1973). Merely because he had some reservations about the truth of the doctor's statement does not preclude a finding that he believed and relied on that statement. *Associated Employers Lloyds v. Aiken*, 201 S.W.2d 856, 860 (Tex.Civ.App.—Dallas 1947, writ ref'd n. r. e.). Since the jury observed and heard the witness and resolved the inconsistencies in favor of the plaintiff, we cannot say that there was insufficient evidence to support that finding.

■ TEIA also argues that the evidence conclusively shows that Oliverez settled his claim due to his immediate need for cash and that this negates the possibility of inducement by the doctor's statement. In support of this contention, TEIA quotes the following testimony by Oliverez:

Question: Mr. Oliverez, when you settled the case, you settled the case to get money, not because your knee was well, is that right?

Answer: Well, I settled it because I need the money. I need the money. If I don't need the money then I got no problem.

Question: Okay, it was not because you thought your knee was well?

Answer: It was because it hurt and I can't work.

Question: All right, and you knew that your knee was bothering you?

Answer: Yes.

Question: But you took the money anyway?

Answer: Yeah. I needed the money. I took the money anyway.

At best, this evidence establishes a desire on Oliverez's part to settle the claim at a certain time and that he needed the money. *See Texas State Highway Dept. v. Kinsler,* 230 S.W.2d 364, 367 (Tex.Civ.App.—Beaumont 1950, writ ref'd). It does not negate reliance on the misrepresentation in agreeing to the amount of the settlement. It is entirely possible that Oliverez would have declined the settlement, despite his financial condition, had he realized the full extent of his injury and the treatment which would be necessary. It is this incorrect information which the insurer is responsible for supplying to Oliverez. Consequently, on this record, we cannot say that the jury was not justified in drawing the inference that Oliverez was materially induced to make the settlement by the misrepresentations.

Affirmed.