The opinion of the Commission of Appeals is adopted and ordered certified.

## BUTLER v. COLE.

### No. 1370—5955.

Commission of Appeals of Texas, Section B.

Nov. 9, 1932.

Sam D. Snodgrass, of Temple, for plaintiff in error.

John B. Daniel, of Temple, for defendant in error.

LEDDY, J.

Plaintiff in error sued defendant in error to recover damages alleged to have been sustained by reason of the latter's fraud in inducing him to exchange certain corporate shares for a residence situated in the city of Temple.

Upon a trial, the jury answered all special issues submitted in favor of plaintiff in error, and judgment was thereupon rendered for him in the amount of damages found.

Special issues Nos. 1 to 5, inclusive, required the jury to answer whether defendant in error made five separate false representations with reference to the real estate he was exchanging for plaintiff in error's shares of stock. Special issue No. 1 demanded an answer as to whether defendant in error falsely represented to plaintiff in error that the residence he was exchanging was located within four blocks of Scott & White's Hospital in the city of Temple.

The jury were instructed that, if they answered all or any of issues 1, 2, 3, 4, and 5 "Yes," then, to answer issues Nos. 6 and 7, which issues and the jury's answers thereto were as follows:

"Issue 6. Do you find from a preponderance of the evidence that such representation, or representations, if any, referred to

in the foregoing five special issues, or any of them were made, if made, by the said Cole to said Butler as a material inducement to the latter to enter into said exchange of properties between them involved in this suit? Answer 'Yes' or 'No.'" Answer: "Yes."

"Issue 7. Do you find from a preponderance of the evidence that plaintiff Butler would not have entered into said exchange of properties with defendant Cole had such representation, or representations, if any, not been made by the said Cole? Answer 'Yes' or 'No.'" Answer: "Yes."

■ The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for another trial upon the ground that said court should not have submitted special issue No. 1 over the objection that no damages were shown to have resulted from the representation that the real estate involved was located within four blocks of Scott & White's Hospital, as there was no evidence adduced showing whether such real estate would have had a greater value if located the represented distance from the hospital instead of seven blocks, as it was in fact situated.

We think the holding of the Court of Civil Appeals in this respect was a proper one, as it is conceded that the record is devoid of any evidence tending to show the property would have had any greater value if it had been located as represented by defendant in error.

■ With the finding of the jury in answer to special issue No. 1 eliminated, it is clear that the remaining findings of the jury are not sufficiently complete to sustain the judgment rendered by the trial court. It will be observed that issue No. 6 requested the jury to answer whether "such representation or representations, if any, referred to in the foregoing 5 special issues (which included special issue No. 1), or any of them, were made, if made, by the said Cole to, Butler as a material inducement to the latter to enter into an exchange of properties between them involved in this suit."

The jury's affirmative answer to this question means simply this: That, because of the fraudulent representations found in answer to issues 1, 2, 3, 4, and 5, which included issue No. 1, which was improperly submitted, or because of one of the five representations, not identified, but which may have been issue No. 1, plaintiff in error was induced to exchange his property with defendant in error.

Had all five issues covering the fraudulent representations been properly submitted, the jury's answers to special issues Nos. 6 and 7 would have furnished a complete basis for a judgment in favor of plaintiff in er-

ror. It would be mere speculation for us to say that the jury would have answered issues Nos. 6 and 7 as it did had it not been for its giving consideration to the fraudulent representation found in answer to special issue No. 1.

But it is asserted that under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, it should be presumed, in support of the trial court's judgment, that it found plaintiff in error was induced to make the exchange of his property with defendant in error upon the latter's false representations shown to have been made by the jury's answer to issues Nos. 2, 3, 4, and 5.

■■ The doctrine announced in the above case has no application to a situation such as is here presented. The trial court's charge in this case would have been a proper one if all of the issues submitting fraudulent representations had been supported by the pleadings and the evidence, but, with issue No. 1 lacking support in the evidence, issues Nos. 6 and 7 were submitted in an erroneous form. The rule announced in Ormsby v. Ratcliffe has never been extended so as to justify a presumption that the trial court has made a finding necessary to support its judgment upon an issue which has been fully submitted to the jury, but in an erroneous way. Under the statute (article 2190, R. S. 1925) construed in Ormsby v. Ratcliffe, a presumption that an issue has been found in favor of the judgment can be indulged only when the same has not been submitted nor request made for its submission. Here the issues upon which it is sought to imply findings by the trial court have been submitted and actually found by the jury. Manifestly under such circumstances the provisions of the statute relied upon can afford no relief.

The case of Price v. D'Yarmett (Tex. Civ. App.) 27 S.W.(2d) 616, in which a writ of error was refused, is relied upon to sustain plaintiff in error's contention. The opinion in that case shows a situation materially differing from that shown by the record in this case. There the jury found that certain false representations were made by the defendant which the plaintiff believed to be true at the time she signed the contract and which materially induced her to execute it. The court held that it would imply a finding on the unsubmitted issue that the plaintiff would not have signed it but for the false representations. Moreover, the court determined, and we think correctly, that the findings actually made were sufficient to support the judgment for the plaintiff, but, if not, it was merely stated the presumption would be indulged that the trial court found, in support of its judgment, the unsubmitted issue that plaintiff would not have ex-

ecuted the contract but for the fraudulent representations made by the defendant.

In the case at bar we have findings by the jury in its answers to special issues Nos. 6 and 7 on the very issues upon which the presumption is sought to be indulged. While the jury's findings upon these issues are not sufficient to support the judgment rendered in favor of plaintiff in error, it is not because of a failure to submit such issues or the absence of findings thereon. They have been submitted and specific findings made by the jury. The judgment for the plaintiff is not justified simply because the jury in making its answers to issues Nos. 6 and 7 may have based the same upon its findings in whole or in part upon what we have determined to be an immaterial issue.

We recommend that the judgment of the Court of Civil Appeals reversing and remanding the cause for another trial be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.