H. W. Broaddus Company, Incorporated, v. J. B. Binkley, et al.

No. 6434. Decided January 8, 1936.
(88 S. W., 2d Series, 1040.)

*Harrison, Scott & Rasberry,* of El Paso, for plaintiff in error.

The Court of Civil Appeals erred in holding that the definition of "material inducement" contained in the charge to the jury (set out in opinion) was sufficient even though appellant had called the court's attention to the omission of the element in the definition of whether or not the contract would have been signed without such false representations. Price v. D'Yarmett, 27 S. W. (2d) 616; Durham v. Scrivener, 259 S. W., 606; Id., 270 S. W., 161; Buchanan v. Burnett, 102 Texas, 492, 119 S. W., 1141.

*Jones, Goldstein, Hardie & Grambling,* of El Paso, for defendant in error.

The definition of "material inducement," as given in the charge of the court, was a correct definition of that term. 12 R. C. L., 299; 26 C. J., 1104; 20 Texas Jur., 52, sec. 30, and the authorities there cited.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error, H. W. Broaddus and Co., Inc., sued defendants in error, J. B. Binkley and R. B. Homan to recover a real estate broker's commission. From a judgment based upon an unfavorable jury verdict on special issues, plaintiff in error appealed. The Court of Civil Appeals affirmed the judgment. 54 S. W. (2d) 586.

Brinkley owned an apartment house. Homan owned business property occupied by four tenants, three of whom held under written leases, respectively. Plaintiff in error acting through its representative, J. M. (Morgan) Broaddus, procured from Binkley and Homan a contract in writing to exchange their respective properties. One of the stipulations of the contract set out in Homan's written offer to exchange and also in Binkley's written acceptance, is that each will pay plaintiff in error a $1,500.00 commission for services in negotiating the contract of exchange. The concluding statement of both the

offer made by Homan and the acceptance by Binkley relating to the payment of commissions, reads:

"But a failure to comply with or fulfill this agreement according to its terms shall not release the undersigned from the payment of the commission herein stated, which shall be and become a lien upon my said property herein described from the date of acceptance of this proposition for services rendered."

The exchange of properties was never made, and both Binkley and Homan refused to pay their respective commissions.

The main ground of Binkley's defense was that the execution of the contract of exchange was procured by fraudulent representations made in regard to the financial responsibility of three of the tenants of Homan's property holding under written leases. Binkley alleged specifically that Broaddus made the representations complained of as an inducement to get him to sign the contract, and that he would not have signed it except for the fact that the representations were made to him and were believed and relied upon by him. Homan's main defense was that he was not liable in the event the contract was procured by fraud perpetrated upon Binkley.

■ The issues submitting Binkley's minor defenses were found against him. The trial court correctly submitted issues inquiring whether Broaddus represented that the three tenants in question were all financially responsible, whether the representations relating to financial responsibility were false, whether Binkley believed same and relied thereon, all of which were answered in the affirmative. The eighth special issue inquired whether the representations in question "operated as a material inducement to Binkley to sign the contract of exchange." In connection with this issue the trial court gave a definition of the term "material inducement," which reads:

"By the term 'material inducement' as used in the issue submitted to you is meant that the representation in question operated materially to induce the execution of the contract in question; it need not be the sole inducement leading the party to execute the contract, but it must have a material effect in inducing said party to execute such contract."

Plaintiff in error objected to the definition given and requested submission of a special issue presently to be noted, which was refused. The Court of Civil Appeals holds that

the trial court's definition, as well as its action in refusing the requested issue, is correct.

There is no particular form of submission, or definition, of the term "material inducement" that is uniformly applicable. As stated in Gainesville National Bank v. Bamberger, 77 Texas, 48, 13 S. W., 959, 19 Am. St. Rep., 738, "No inflexible rule can with accuracy define all of the circumstances in which the representations of facts * * * may become fraudulent."

In Putman v. Bromwell, 73 Texas, 465, 11 S. W., 491, cancellation of a deed was sought on account of fraudulent representation as to the condition, kind and quality of the property involved. The court in charging the jury defined a material representation as being one "which is believed and relied on by the persons to whom it is made, and which moves and induces them to act in a manner that they would not have acted had such representation not been made."

In Hester et al. v. Shuster et al., 234 S. W., 713, cited by the Court of Civil Appeals, it is stated that it is not necessary under certain stated conditions to inquire whether the complaining party would or would not have made the contract if the false representations had not been made. It was obviously not necessary to so inquire in that case, as the allegation made by plaintiff was that he was induced to trade for the property because it was represented by defendant that the land was not encumbered by an oil lease, and the trial court correctly found as a matter of law the land was so encumbered. The Court of Civil Appeals in making the same finding says:

"There is no question but that if Appellants had informed Shuster that there was an oil lease, he would not have contracted to buy the land under any circumstances. That is very evident from the record."

Such is not the state of the record in the present case. Under the evidence adduced it does not appear conclusively that Binkley in agreeing to make the exchange was looking solely to the financial responsibility of the tenants, or the income from the property, or that he was looking solely to the value of the property. It cannot be said under the evidence that as a matter of law there was only one inducing factor to the agreement. While the Court of Civil Appeals made a correct disposition of the Shuster case, the statement in the opinion relied upon by defendants in error that, "It is very well settled that if the false representations were intended to operate, and did operate, as *one of the inducements to the contract* (italics ours), it is not necessary to inquire whether

the plaintiff would or would not have made it without this inducement," is too broad. It is not applicable where, as in this case, more than one inducement may have been a material factor in bringing about the execution of the contract. The application for writ of error in the Shuster case was doubtless dismissed rather than refused because of the broad statement above quoted. See in this connection, Texas Jurisprudence, Vol. 20, par. 30, p. 52; also same volume, par. 18, p. 35; Elliott on Contract, Vol. 1, par. 72, p. 101.

We cannot agree that the trial court's definition of "material inducement" as applied to the facts of this case is correct. The test of materiality necessary to be applied to the representations inquired about, is whether the contract would have been signed by Binkley without such representations having been made. It cannot be applied under the definition given. Binkley alleged that if Broaddus had not made the fraudulent representations relating to the financial responsibility of the tenants above referred to, he would not have signed the contract of exchange. He testified that in agreeing to the exchange he was not looking solely to the income from the Homan property, but was looking also to its value; also that he had known the Homan property from the outside, "had passed it a thousand times," and knew it was very valuable property, thus raising the fact issue as to whether he would have signed the contract if the representations had not been made. The definition given by the trial court made it impossible for the jury to determine whether Binkley would have signed the contract except for the representations under inquiry. For this reason the finding based upon the jury's response to the eighth issue as submitted and explained by the definition above quoted can not properly be made the basis of a judgment.

■ Plaintiff in error in addition to objecting to the definition of the term "material inducement" as submitted by the trial court, requested submission of a special issue which reads:

"Do you find from a preponderance of the evidence that such false representations, if said representations were made and the same were false, operated as a material inducement to the said J. B. Binkley to sign such contract of exchange, without which false representation the Defendant Binkley would not have signed such contract of exchange?"

The court refused to submit the requested issue. While plaintiff in error failed to except to the definition given by the trial court, its objection was coupled with a request to

the court to submit to the jury the above quoted special issue, which was denied. The requested issue embraced the inquiry in response to which the jury could have found whether Binkley would or would not have signed the contract of exchange without the making of the false representations inquired about. Such an issue should have been given. It was sufficient to point out to the court that a major issue raised by the pleadings and evidence had not been submitted.

While the requested issue is substantially correct, it is calculated to confuse the jury in that it not only asks whether Binkley would have signed the contract except for the representations, but duplicates the question by further inquiring whether the representations were a material inducement to the contract. In Butler v. Cole (Com. App.), 53 S. W. (2d) 1010, a case similar in point of fact, the trial court submitted a special issue which reads:

"Do you find from a preponderance of the evidence that plaintiff Butler would not have entered into said exchange of properties with defendant Cole had such representation, or representations, if any, not been made by the said Cole?"

In view of another trial we suggest that an issue framed substantially to the same effect as the foregoing issue be submitted in lieu of the eighth issue and the definition of material inducement given in connection therewith by the trial court. It is desirable to avoid submitting a mixed question of law and fact when a clear fact issue may be submitted in lieu thereof.

We have considered the other assignments of error and have reached the conclusion they were correctly disposed of by the Court of Civil Appeals, including the assignment relating to the manner of submitting the burden of proof. The question presented under this assignment was settled by refusal of an application for writ of error in Texas Emp. Ins. Assn. v. Finney, 45 S. W. (2d) 298, cited by the Court of Civil Appeals in support of its holding.

The judgments of the trial court and Court of Civil Appeals are reversed and the case is remanded.

Opinion adopted by the Supreme Court January 8, 1936.