**CORNELL et al. v. ALDERDICE.**

No. 13407.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 18, 1936.

Rehearing Denied Oct. 16, 1936.

D. B. Hardeman, of San Angelo, for appellant.

William R. Watkins, Baylor B. Brown, Jack L. Hobson, and Maurice Short, all of Fort Worth, for appellee.

SPEER, Justice.

This controversy grows out of a construction of articles 1995 and 2007, Rev. Civil Statutes, pertaining to venue in civil cases, more especially the sufficiency of the proof required of a plaintiff on a hearing of a plea of privilege filed by defendant which was timely controverted by plaintiff. We shall refer to the parties as plaintiff and defendants as they appeared in the trial court.

Plaintiff Vivian L. Alderdice instituted this suit against James Cornell and L. J. Wardlaw, as defendants, in the Forty-Eighth district court of Tarrant county, alleging that the former lived in Tom Green county and the latter in Tarrant county, Tex. The action is for damages resulting from a fraud alleged to have been perpetrated by defendants in Tarrant county while acting jointly as her attorneys and representatives under a contract of employment for that purpose. The defendant Wardlaw filed his answer which consisted of a general denial. The defendant James Cornell filed his plea of privilege to be sued, if at all, in Tom Green county, the place of his residence. The plaintiff duly filed her controverting affidavit to the plea of privilege and the issue came to trial.

For the purpose of determining the questions before us, it is sufficient to state that

plaintiff's petition and controverting affidavit disclose that she sued defendants jointly and severally for damages growing out of the alleged negligent and willful failure to fairly represent the interests of plaintiff in a lawsuit pending in Ellis county, Tex, under a contract of employment to do so.

The petition and controverting plea of plaintiff contained allegations to the effect that at all times referred to therein defendants were practicing attorneys, holding themselves out as such, receiving and accepting employment at the hands of clients to represent them in the usual and customary way in the trial of lawsuits. That the defendant James Cornell was engaged in said profession in Tom Green county, Tex., and that defendant L. J. Wardlaw had been so engaged in Tarrant county, Tex., since 1930. That on May 14, 1916, the Great Southern Life Insurance Company of Houston issued its policy of insurance to James Monroe Alderdice in the sum of $10,000, payable to the insured's estate, but thereafter, under the provisions of the policy, the beneficiary was changed to the plaintiff, the wife of the insured. That the said James Monroe Alderdice thereafter borrowed certain sums of money from the insurance company which were charges against said policy, if they were unpaid when the policy matured. That at stated times and amounts set out in the pleadings, plaintiff had loaned to her husband out of her separate funds the sum of $6,280, and that, under an agreement with her said husband, she held the insurance policy as security for the payment of the loans. That on January 3, 1930, James Monroe Alderdice died, thereby maturing the policy of insurance. That at the time of his death, after deducting the amounts advanced by the company, there remained unpaid on the policy the sum of $6,527.96. That as such beneficiary she then and there became entitled to receive the last-mentioned amount from the company. That, upon the death of J. M. Alderdice and at the maturity of the policy, certain children of the insured by a former marriage filed suit in the district court of Ellis county against the company, naming plaintiff in her individual capacity a party defendant, for the recovery of the money owing under the policy. The company deposited in the treasury of the court the amount owing under the policy, subject to the outcome of the suit. That upon the institution of that suit the plaintiff here employed the defendants James Cornell and L. J. Wardlaw to represent her interest and to recover the amount due on the policy, and that they as such attorneys filed answer and undertook to represent her in said litigation. That on April 24, 1930, the plaintiffs in the Ellis county case dismissed their suit and on the same day filed another suit against the same parties and in addition thereto made the plaintiff in this suit a party defendant in her fiduciary capacity of executrix of the last will of James Monroe Alderdice and sought the same relief as that prayed for in the original suit. That thereafter the defendants, pursuant to their said employment, filed answers and undertook to represent plaintiff's interests in said second suit, seeking to defeat the claims of said plaintiffs in the Ellis County case and by cross-action to recover the funds for plaintiff, pleading, among other things, the indebtedness of James Monroe Alderdice to this plaintiff. That defendants willfully and negligently failed to fairly represent plaintiff in the Ellis County case, although she insisted from time to time upon them doing so, and that they bring the case to trial. That her said attorneys assured her at all times they had the case well in hand and that her interest was being protected in every possible way. That throughout 1932, 1933, and until in December, 1934, she discussed the case with her said attorneys, with a view to having it tried, and that they invariably assured her they would attend to it, and would procure a trial, with the assurance that they could win the case for her. That they advised her not to entertain propositions of compromise. That the defendants had been her personal friends for many years and that she reposed in them the utmost confidence in every particular; but that because of the delay in getting the case tried she became impatient and wrote to the clerk of the district court of Ellis county, inquiring of the status of the case in the early part of 1935, and was advised through a letter from the clerk that the case was tried on the 12th day of October, 1931, when judgment was rendered for the plaintiffs and against her on her cross-action. That she thereupon again consulted defendants and advised them of the information obtained from the clerk, and insisted upon them doing something about it, when they advised her there was nothing they could do. That the opposing counsel had promised to keep them inform-

ed when the case would be tried and that he had failed to do so. That by virtue of and because of the negligence of defendants in failing to properly attend to said case she lost the proceeds of the insurance policy and was damaged in the sum of $10,000.

The defendant James Cornell filed his plea of privilege, which was timely controverted by plaintiff, in which controverting plea she reiterated the material allegations of her petition and added the further specific allegations relied upon to confer jurisdiction upon the district court of Tarrant county:

"That by reason of the allegations in plaintiff's petition contained and by reason of the facts herein stated, this court has jurisdiction of this case and the said defendants and each of them, under exceptions No. 4 and No. 7 and No. 29a (added by Acts 1927, 1st Called Sess., c. 72, § 2 [Vernon's Ann.Civ.St. art. 1995, subd. 29a]) of article 1995, Revised Civil Statutes of the State of Texas, because the said defendants under said joint employment are jointly and severally liable to this plaintiff for the damages complained of, the defendant L. J. Wardlaw is now and has been since the year 1930 a resident of Tarrant County, Texas, the fraud complained of was committed against plaintiff in Tarrant County, Texas, and the defendant James Cornell is a proper and/or necessary party to the suit."

The defendant James Cornell demurred to the sufficiency of the controverting plea, and, same being overruled by the court and no jury hearing being demanded, the court heard the testimony offered.

The plaintiff testified in detail as to all the allegations in the pleadings as to the fraud alleged to have been committed by the defendants. That the policy of insurance on the life of her husband was executed and delivered. That at stated times she loaned to her said husband sums of money aggregating the amount alleged. That he delivered to her the policy of insurance to secure the payment of the moneys borrowed. She introduced the policy showing it was originally payable to the estate of James Monroe Alderdice but bearing an indorsement dated June 6, 1929, changing the beneficiary to plaintiff. That her husband died on January 3, 1930, while the policy was in full force and effect. That the children of her husband by a former marriage instituted suit against her and the insurance company in the district court of Ellis county for the amount due on the policy, and that she employed the defendant James Cornell as an attorney to represent her in said cause. That he accepted said employment and filed pleadings for her therein. That thereafter the said James Cornell suggested to plaintiff that they employ defendant L. J. Wardlaw to assist him and to co-operate with him as an attorney for her in the case. That they came to Fort Worth and employed him for that purpose and the two then and there drew certain pleadings for filing in her behalf and continuously thereafter she consulted many times with them about the case and received the assurance by each they would, properly represent her interest therein. That many times during the years 1932, 1933, and 1934 she conferred with them and insisted that the case be disposed of and each time they each assured her they would attend to it. She related her impatience and the correspondence with the district clerk of Ellis county in 1935, and that she then asked them to do something about it, and received the reply there was nothing they could do. She offered in evidence the pleading drawn by defendants in Fort Worth and filed in her behalf in Waxahachie in Ellis county, which she testified bore the signatures of defendants as her attorneys, and other evidence was offered which we think unnecessary to enumerate.

No testimony was offered by defendant Cornell, nor were there any objections made to that offered by plaintiff. The court overruled the plea of privilege, and the defendant Cornell has appealed, assigning errors to the action of the court.

We consider the pleadings sufficient as against the demurrer urged by defendant and his assignments to that effect are overruled.

The exceptions to article 1995, relied upon by the plaintiff, as we have seen were Nos. 4, 7, and 29a. No. 4 provides, in substance, that when two or more defendants reside in different counties, suit may be instituted in the county where either resides. Exception No. 7 is one providing that where a suit is for fraud it may be instituted in the county where the fraud was committed or where the defendant has his domicile. Exception No. 29a reads: "Whenever there are two or more defendants in any suit brought in any

county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

We think that, if this were an action for fraud against these defendants instituted in a county other than the residence of either, based upon the proposition that a fraud had been committed by them in the county where the suit was instituted, there would be some merit in the contention of defendant as to the nature and sufficiency of the proof offered. Under the authority of Texas Jurisprudence, vol. 20, p. 18, § 8, and in Cole v. Butler (Tex.Civ.App.) 36 S.W.(2d) 259, and the same case by the Commission to the Supreme Court, 53 S.W.(2d) 1010, it is held that, to prove actionable fraud and to discharge the burden of proof to overcome the plea of privilege, proof of damages resulting from the fraud would be necessary, but that is not the case before us. This suit was instituted against these defendants for a joint fraud alleged to have been committed in Tarrant county, the place of the residence of one of the defendants, and falls within the class of exceptions mentioned in subdivision 29a.

■ The general rule in cases involving pleas of privilege is that the burden of proof is on the plaintiff to make out a prima facie case by competent evidence. But as we understand the rule, it is not intended to convey the idea that this prima facie case is on the merits of the whole suit, but is limited to the issuable venue facts.

In the case of Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675, 677, where a certified question was being answered, the court said: "Distinction should be noted at the outset between a trial upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. The language of article 1995 is that 'no person * * * shall be sued out of the county' of his domicile unless, etc. * * * It does not contemplate that on a hearing on plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. * * * The issue of venue, not liability, is thereby raised, when the affidavit is filed."

Compton v. Elliott (Tex.Com.App.) 88 S.W.(2d) 91, 93, is another case in which the court was answering certified questions on an issue of venue in which it was said: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

■ We have carefully examined the statement of facts containing the testimony offered and hold it is sufficient to establish a prima facie case based on the venue facts necessary to be proven to overcome the rights of defendant under his plea of privilege.

It is needless for us to elaborate upon the duties owing by an attorney to his client. From the record before us, it is unmistakably true that defendants accepted joint employment from plaintiff to represent her in the named lawsuit, and that they failed to discharge their duty therein. The evidence discloses that perhaps defendants depended upon opposing counsel to keep them advised as to the status of the case and especially when it was to be tried. This, opposing counsel failed to do, resulting in the plaintiff's loss of the chance she had to win.

■ The contract of employment of defendants was a joint one, and such liability as there is being joint and several against the defendants, James Cornell is a necessary party to the suit, and, under exception No. 29a to article 1995, the defendant Cornell is suable in the county of the residence of his codefendant, L. J. Wardlaw, whose domicile is in Tarrant county, Tex. We therefore overrule the assignments of error raising this question, and affirm the judgment of the trial court in overruling the plea of privilege.