CONSOLIDATED CASUALTY INS. CO.
v. FORTENBERRY.
No. 3489.

Court of Civil Appeals of Texas. El Paso.
March 18, 1937.

Rehearing Denied April 15, 1937.

W. M. Ryan and Baker, Botts, Andrews & Wharton, all of Houston, for appellant.

Blake & Cunningham and Mandell & Combs, all of Houston, for appellee.

HIGGINS, Justice (after stating the case as above).

1. The court defined the phrase "material inducement" the same as it was defined in H. W. Broaddus Co. v. Binkley, 126 Tex. 374, 88 S.W.(2d) 1040; Id. (Tex. Civ.App.) 54 S.W.(2d) 586. The same objection was here made by appellant to the definition as was made in that case. In an opinion by the Commission of Appeals, adopted by the Supreme Court, the definition, as applied to the facts of that case, was held not to be correct. We are unable to distinguish, as appellant seeks to do, this case from the Broaddus Case. Undoubtedly, one of the factors inducing appellee to make the settlement was the substantial cash consideration of $1,976.84. The case therefore, as in the Broaddus Case, presents a factual situation of an inducing factor other than the false representations alleged. In deference to the ruling in the Broaddus Case, appellant's proposition complaining of the definition is sustained.

2. To the questions submitted inquiring whether the representations alleged were made by King and Wood, or either of them, appellant objects upon the ground of duplicity. The grouping of facts in a single question, as distinguished from the grouping of distinct ultimate issues, is permissible and often indispensable. Speer on Special Issues, §§ 185–94–187 and 190.

The questions stated are not subject to the objection urged against them. Rotge v. Dunlap (Tex.Civ.App.) 91 S.W.(2d) 905, in which a writ of error was granted, but upon another point. See Texas Syllabi of May 13, 1936. Also, see, Ford Motor Co. v. Whitt (Tex.Civ.App.) 81 S.W.(2d) 1032; Hunter v. B. E. Porter (Tex.Civ.App.) 81 S.W.(2d) 774, 775; Dunning v. Badger (Tex.Civ.App.) 74 S.W.(2d) 151; Powell v. Rockow (Tex.Civ.App.) 58 S.W.(2d) 536, affirmed (Tex.Com.App.) 92 S.W.(2d) 437; Texas Indemnity Ins. Co. v. Holloway (Tex.Civ.App.) 30 S.W.(2d) 921; Austin v. DeGeorge (Tex.Civ.App.) 55 S. W.(2d) 585; Fox v. Dallas Hotel Co., 111 Tex. 461; City of Abilene v. Moore (Tex.Civ.App.) 12 S.W.(2d) 604; Traders' & General Ins. Co. v. Copeland (Tex. Com.App.) 84 S.W.(2d) 813; Blalock v. Jones (Tex.Civ.App.) 1 S.W.(2d) 400; Fischer v. Rio Tire Co. (Tex.Com.App.) 65 S.W.(2d) 751; Clifton Mercantile Co. v. Gillaspie (Tex.Civ.App.) 7 S.W.(2d) 906, affirmed (Tex.Com.App.) 15 S.W.(2d) 607; City of Waco v. Roberts (Tex.Civ.App.) 12 S.W.(2d) 263, affirmed 121 Tex. 217, 48 S. W.(2d) 577; Continental Ins. Co. of New York v. Nabors (Tex.Civ.App.) 6 S.W.(2d) 151; Kansas City Life Ins. Co. v. Fisher (Tex.Civ.App.) 83 S.W.(2d) 1063.

3. In the preliminary instructions the court charged the jury to answer the issues from the preponderance of the evidence, that is the greater degree and weight of credible evidence before it.

This general instruction should not have been given. Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.(2d) 658; Gattegno v. The Parisian (Tex.Com.App.) 53 S.W.(2d) 1005.

4. In order for plaintiff to obtain the relief sought in this case it was neces-

sary for him to plead and prove, as he did, that he was totally and permanently incapacitated as a result of his injuries, thereby showing he was entitled to greater compensation than was paid him in settlement. Defendant's general denial placed in issue the question of total and permanent incapacity, and issues inquiring as to partial and temporary incapacity were submitted, but the latter issues were submitted conditional upon negative findings upon the issues of total and permanent incapacity. In consequence of their conditional submission and previous findings that plaintiff was totally and permanently incapacitated, the issues as to partial and temporary incapacity were not answered. Appellant assigns error to the conditional submission of the issues of partial and temporary incapacity. If the evidence raises an issue in that respect, the conditional submission thereof was erroneous. Traders' & General Ins. Co. v. Forrest (Tex.Civ.App.) 78 S.W.(2d) 987; Traders & General Ins. Co. v. Shanks (Tex. Civ.App.) 83 S.W.(2d) 781; Traders & General Ins. Co. v. Wimberley (Tex.Civ. App.) 85 S.W.(2d) 343.

But the testimony to which appellant refers in its brief does not raise the issue. It presents the issue that plaintiff's present incapacity is not due to his injuries at all, but to disease brought about by or resulting from causes other than the injuries which he had previously received in the course of his employment. In this condition of the evidence no issue as to partial and temporary incapacity should have been submitted at all and the conditional submission thereof was harmless. Traders & General Ins. Co. v. Babb (Tex.Civ.App.) 83 S.W. (2d) 778.

Upon retrial such issues should be unconditionally submitted if they are raised by the evidence.

5. Appellant also assigns error to the refusal to submit an issue inquiring whether plaintiff, at the time of making the settlement, did not understand the true nature and probable duration of his disability. We doubt if the evidence raises such issue, but the case must be reversed for the errors above indicated, and in view of retrial we refrain from discussing the evidence. If, upon retrial, the issue is raised, it is defensive matter [Traders' & General Ins. Co. v. Bailey (Tex.Com.App.) 94 S.W.(2d) 134], and should be submitted.

Reversed and remanded.