**SMALL v. MORRIS et ux.**

No. 4885.

Court of Civil Appeals of Texas. El Paso.

June 25, 1952.

Rehearing Denied July 16, 1952.

Henry D. Akin and Leachman, Matthews & Gardere, Dallas, for appellant.

Johnson, Sloan, Phillips, Hester, Jenkins & Lewis, Harlingen, Thompson & Coe and Vernon Coe, Dallas, for appellee.

McGILL, Justice.

Appellees as plaintiffs instituted this suit against appellant as defendant in the statutory form of trespass to try title to certain property situated in Dallas County, described as Three 50 foot tracts of land out of Lots 5 and 6, Block 3, J. L. Elam Addition to Dallas, Dallas County, Texas, and being numbered 1204, 1206 and 1210 Trammell Drive, Dallas, Texas.

Defendant answered by pleas of not guilty and general denial, and in a cross-action alleged that on January 31, 1950, he entered into an exchange contract with plaintiffs which involved the conveyance by him to plaintiffs of three houses and lots known as 1204, 1206 and 1210 Trammell Drive in Dallas County as down payment on the purchase price of a tourist court belonging to plaintiffs, situated in Cameron County, and known as "Tangelo Courts" located on a plot of land described as the E. 3.75 ac. of N-6, Lot 3–4, Blk. 8, Sub. 297. He alleged that he entered into such contract in reliance upon representations and statements made to him by plaintiffs and their agent that Tangelo Courts was making a net annual profit of $14,000, that it was well supplied with water and had an adequate sewerage disposal system; that such representations were false and fraudulent and upon discovery thereof he repudiated the contract and tendered the Tangelo Courts back to plaintiffs. He sought to rescind the contract and remove the cloud cast on his Dallas property thereby. He placed in escrow with the National Title Company a deed conveying the Dallas property to plaintiffs; that plaintiffs were demanding such deed be delivered to them. He made the title company a party and prayed that it be enjoined from delivering such deed to plaintiffs. The National Title Company filed a plea of interpleader, alleging that it was a disinterested stakeholder of the deed and tendered the deed into court and prayed that it recover reasonable attorney's fee. Some tenants of the Dallas County property intervened and asked that they be permitted to pay rent into the registry of the court subject to the orders of the court.

Trial was to a jury. In answer to special issues, the jury found that the alleged representations were made to defendant by plaintiffs or their agent, but that such representations were not material. Thereupon the court rendered judgment that plaintiffs have judgment for title and possession of the Dallas property and directed the clerk to deliver to plaintiffs the deed thereto executed by defendant O. D. Small, and that plaintiffs recover from defendant $845.21 as damages and $570.22 theretofore deposited in the registry of the court, and that the National Title Company be discharged from all liability and recover $25 as attorneys fees, to be taxed as costs, and that defendant take nothing by his cross-action.

Appellant's first point is that the court erred in holding that the description of the Dallas property in the contract of sale (exchange) was sufficient to support specific performance and the recovery of the Dallas property. This point is urged under assignments which we think not germane and are assigned as fundamental error. Appellees counter that appellant waived any defense under the Statute of Frauds by failing to assert such defense in the trial court, and further that the contract had been consummated and performed and the

sufficiency of the description of the Dallas County property under the Statute of Frauds was therefore immaterial.

The contract of exchange dated January 31, 1950, described the Dallas County property as Located in Dallas County, Texas, and being more particularly described as 1204, 1206 and 1210 Trammell Drive and set out in the Elam Survey of Dallas County, Texas. The deed which defendant executed conveying the property to plaintiffs describes the property as First tract: Being the South 110 feet of Lot 6 in Block 3 of the J. L. Elam Addition out of the W. B. Elam Survey, Abstract No. 441, more fully described as follows: then giving metes and bounds; Second tract: Being 55 x 150 feet of Lot 5, in Block 3 of J. L. Elam Addition out of the W. B. Elam Survey, Abstract No. 441, more fully described as follows: and then giving metes and bounds.

■ It may be conceded that neither the description in the contract of exchange nor in the petition and judgment is sufficient to describe the property described in the deed, which contains the correct description of the land involved. However, the defense to plaintiff's action of trespass to try title was not grounded on the Statute of Frauds— Art. 3995, subd. 4, V.A.C.S. Such defense was not specially pled, and even though it may be raised under the general denial it must in some manner be called to the attention of the court or it is waived. McKy v. Walker, Tex.Civ.App., 293 S.W. 921, wr. ref.; Osborn v. Cone, Tex.Civ.App., 234 S.W.2d 88; 20 Tex.Jur. p. 354, Sec. 135. We might stop here, but will add that under the undisputed facts in this case such defense could not have been successfully maintained even though it had been asserted.

■ On February 10, 1950, the parties met with their respective attorneys in the office of plaintiff's attorney and there signed the following instrument:

"Harlingen, Texas, February 10, 1950.

"It is agreed by and between the Parties hereto that all papers with reference to the closing of the Morris-Small deal on Tangelo Courts have this day been executed, delivered, to be held by Myrlin O. Johnson, Attorney for Seller, and John C. Myrick, Attorney for Buyer; that the final delivery of instruments awaits the determination of amount of pro-rate on insurance and taxes on the Dallas property and receipt of title insurance policy on Dallas property and upon receipt of such information and title policy and adjustment of taxes and insurance, the final papers are to be exchanged and delivered to the parties entitled thereto; that possession and control is delivered on respective properties as of this date; that the deal is considered closed as of this date and rent, taxes and insurance pro-rated accordingly. It is agreed that if $7500.00 is paid to Seller, in addition to regular payments, that the Seller's lien against cafe properties will be released.

Earl C. Morris (s)
Seller
O. D. Small,
Purchaser."

This agreement relates to the same subject matter as the exchange agreement of January 31, 1950, and evidences the consummation of such agreement. Therefore, both instruments may be looked to in order to ascertain the description of the property involved. 10 Tex.Jur. p. 286, Sec. 166.

It appears that the deed executed by defendant had been forwarded to the Title Company for the purpose of having it recorded so that the title company could issue a policy of title insurance. The reference in the instrument of February 10 to the "title insurance policy" brings the facts of this case within the rule enunciated in Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 981, 982, that

"'the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty.'"

The title insurance policy referred to in the agreement of February 10 was in

existence and from it a proper description was ascertainable. It unquestionably referred to the deed executed by defendant, which was a sufficient memorandum in writing, signed by defendant, in which the property was correctly described in compliance with the Statute of Frauds. For this reason, as well as the reasons urged by appellees we overrule this point.

Appellant's second point is that the court erred in holding that the jury's findings that the alleged representations were not material were sufficient to form a basis for rendition of a judgment for appellees. While under this point appellant argues at length that there was no evidence to support these findings and that as a matter of law the representations were material, yet his specific point is as stated.

▆▆▆▆ In support of their action of trespass to try title plaintiffs introduced admission of defendant O. D. Small that he was the common source of title; the contract of exchange dated January 31; the agreement signed by the parties on February 10, 1950, and the warranty deed of defendant Small to plaintiffs. Defendant sought to rescind the contract and cancel the deed because of alleged false and fraudulent representations; therefore the burden was upon him to establish this defense. In connection with issues as to whether the representations were material the court gave the following instruction:

"You are instructed that a representation is material when, if the representation had not been made, the contract or transaction would not have been entered into, and must be in respect of an ascertainable fact as distinguished from a mere matter of opinion, judgment, probability or expectation."

Defendant did not object to this instruction. The evidence in this case was sufficient to have warranted a finding that defendant would have entered into the exchange contract notwithstanding the representations. There was testimony that appellant was very anxious to get Tangelo Courts; that he did not examine the registration cards for the preceding year to ascertain the income from the courts, although he was afforded an opportunity to do so; that he said he had sufficient income from his Dallas property to meet the payments on the courts if the courts did not make it; that he had operated a tourist court in Colorado and knew how to operate the courts and would operate it his way and it didn't matter what appellees had done. This testimony is relevant on the materiality of the representation as to income derived from the courts. There was testimony that Morris had explained the water system and pump arrangement to appellant and there had been a discussion between them regarding some difficulty with one of the pumps at the time the contract was entered into, and that a substitute pump was in use at that time; also that when the sale was closed appellees' attorney stated that if there was going to be any difficulty about the pump it should be settled by stating it in the contract which was signed at that time. This testimony was relevant as to the materiality of the representation that the court was well supplied with water. Appellant and his wife had inspected the courts prior to the execution of the contract and unquestionably knew that the sewerage system was dependent on septic tanks. There is evidence that this system was adequate if proper precautions were taken when the surrounding land was being irrigated and that appellant testified that he did not take such precautions; that he had told Muncie—a prospective purchaser of the courts—that he had had a little trouble with the sewerage and had run a lateral ditch and would not ever have any more trouble with that. This evidence was relevant as to the materiality of the representation that the courts had an adequate sewerage disposal system. Therefore, the instruction given by the court was correct and under it the findings that the representations were not material are supported by the evidence. H. W. Broaddus Company v. Binkley, 126 Tex. 374, 88 S.W.2d 1040. Under this instruction the findings that the representations were not material defeated defendant's defense

based on the fraudulent representations, as well as his cross-action. Implicit in such findings are findings that defendant did not rely entirely on the representations as inducement to his entering into the contract, and unless he did so rely his defense as well as his cross-action failed although such representations "operated materially to induce the execution of the contract in question." H. W. Broaddus Company v. Binkley, supra. We overrule this point.

 Over defendant's objection that it was "incompetent" the Court admitted an inspection notice signed by an inspector of the Health Department of the City of Dallas, dated March 13, 1950, addressed to defendant, notifying him that certain defects on the premises at 1204, 1206 and 1210 Trammell Drive must be corrected within fourteen days. The listed defects were: ·

"Overflowing septic tanks, which are a violation to the Texas General Sanitation Law of 1945 [Vernon's Ann.Civ.St. art. 4477-1]."

This notice was delivered to a Mrs. Burns, who was a tenant of one of the Dallas County houses during the time that plaintiffs' agent was collecting the rents for plaintiffs.

The admission of this notice is the ground of appellant's third point. We think the objection was too general to form the basis of an assignment of error. Early-Foster Co. v. Mid-Tex. Oil Mills, Tex.Civ.App., 208 S.W. 224, wr.ref. McEwen v. Texas & P. Ry. Co., Tex.Civ.App., 92 S.W.2d 308, and authorities there cited.

The notice was clearly hearsay and we think inadmissible, although it may have tended to show necessity for repairs which Mrs. Burns made while she was a tenant, the cost of which she had deducted from her rent. If it were admissible for this purpose, appellant did not request that it be so limited and therefore he cannot complain. Furthermore, appellant has not shown that the error in admitting such notice amounted to such a denial of his rights as was reasonably calculated to cause and probably did cause the rendition of an im-

proper judgment. Rule 434, Texas Rules of Civil Procedure. Prior to the admission of such notice appellant had testified that he had made a number of expenditures in repairing the Dallas houses subsequent to his abandoning the Tangelo Courts property. Some of these expenses were incurred for cleaning the septic tanks. The witness Thomas who was plaintiff's agent in looking after the rental houses had testified that he had expended $130.86 for certain repairs, among which was plumbing. An examination of the exhibits shows that some of this was expended for sewerage. Therefore, although the notice may have led the jury to believe that the sewerage system on defendant's property was defective, there was other evidence which indicated that such was the fact, and if the jury therefore was improperly influenced in concluding that the representation as to an adequate sewerage system of Tangelo Courts was to be offset because of the defective sewerage of the Dallas County property, such influence was not entirely due to admission of the notice, and we think the defendant failed to show prejudice which would warrant a reversal under Rule 434. We overrule this point.

 Appellant's fourth and last point complains of the action of the Court in rendering judgment for plaintiffs for rentals on the Dallas property. The item of $845.21 was for rents which appellant admitted he collected from the property after he retook possession in October 1950. The item of $570.22 was for rents paid into the registry of the court by tenants during the controversy and $200 fire insurance which had been collected because of a fire, and also paid into the court. It is appellant's contention that he should have been given credit for necessary repairs to the property which he was compelled to make so that it could be rented. However, the record shows that all such repairs were made after the suit was filed. Therefore, appellant is not entitled to any credit therefor. 23 Tex.Jur. p. 394, Sec. 18; Houston Production Co. v. Mecom Oil Co., Tex.Com. App., 62 S.W.2d 75.

The judgment of the trial court is affirmed.

Motion for Rehearing.

For the first time in his motion for re-hearing appellant urges as fundamental error the point that the Dallas property is not sufficiently described either in plaintiff's petition or in the judgment so that it may be located on the ground, or so as to enable the officer executing a writ of possession to identify the land, and that a reversal is therefore required. In support of this point appellant cites Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; Stewart v. Collatt, Tex.Civ.App., 111 S.W.2d 1131, no writ history; Stovall v. Finney, Tex.Civ.App., 152 S.W.2d 887, no writ history; Hatton v. Burgess, Tex.Civ.App., 167 S.W.2d 260, w.r.w.m.; and Atwell v. Talk, Tex.Civ.App., 202 S.W.2d 314, no writ history. We have concluded that the cited authorities have no application to the facts here presented. As stated in our original opinion, the Dallas property is described both in the petition and in the judgment as

"Three 50 foot tracts of land out of Lots 5 and 6, Block 3, J. L. Elam addition to Dallas, Dallas County, Texas, *and being numbered 1204, 1206 and 1210 Trammel Drive, Dallas Texas.*"

(Emphasis supplied.)

In his cross-action appellant alleges:

"That such exchange contract involved the conveyance by the said Small of certain real estate in Dallas County, Texas, consisting of three (3) houses and lots known as 1204, 06 and 10 Trammel Drive in Dallas County of which the said Small was the fee simple owner * * *."

The description in the petition and judgment without the portion thereof above underlined and without reference in the judgment to the deed executed by Small, conveying the property to Morris and wife unquestionably is insufficient to describe the Dallas County land so that it could be located on the ground. However, we have concluded that the addition of the underlined portion of the description giving the numbers of the property on Trammell Drive, which by the cross-action are shown to be numbers of houses, and the reference to the deed in the judgment, re-

moves the defect in the judgment, and that such judgment is not void on its face. In Hereford v. Tilson, 145 Tex. 600, 200 S.W.2d 985, 988, the Court said:

"So, in the case at bar, the description of the property in suit as 'the real property and buildings located at No. 1805 South Haskell, Dallas, Texas,' being, as the Tilsons allege, the property and buildings formerly occupied by the Kallus Grocery, *would doubtless be a sufficient description of the land to render the contract enforceable, if it had been the only property owned by Hereford in that locality.*" (Emphasis supplied.)

There is no evidence in the record before us that appellant owned any other property in the locality of the property designated by the street numbers referred to. In the absence of such evidence we think the description is sufficient to meet the objection raised by appellant's point. Furthermore, the reference in the judgment to the deed conveying said property to appellees, the description in this deed admittedly being sufficient, makes certain the description in the judgment.

The motion for rehearing is overruled.