**B. M. CONNOR, Appellant,**

v.

**Thomas B. BUCKLEY et ux., Appellees.**

No. 4205.

Court of Civil Appeals of Texas.

Waco.

June 4, 1964.

Rehearing Denied June 18, 1964.

Dunnam & Dunnam, Waco, for appellant.

George Chase, Naman, Howell, Smith & Chase, Waco, for appellees.

WILSON, Justice.

The court, on plaintiffs' motion, disregarded a jury finding in a suit brought under Art. 4004, Vernon's Ann.Tex.St. for false representations concerning the condition of a house, and rendered judgment for plaintiffs.

Plaintiffs alleged they purchased a dwelling from appellant-defendant Connor; that before buying it they inspected the house and observed cracks and other defects; that Connor represented the house was of sound construction, and that he would repair it so that plaintiffs would have no further trouble with it. Thereafter, it was alleged, "the house began to move and shift on its foundation" so that cracks and other defects, constituting the basis for damages recovered, again appeared.

The jury found (a) that Connor did represent the house was of sound construction, (b) that this representation was false, but (c) was "not material." The jury also answered (d) that this representation was made to induce plaintiffs to purchase the house, and (e) they relied on it. The jury found Connor did not represent that he would repair the house so plaintiffs "would thereafter have no further trouble with it."

Plaintiffs' motion to disregard finding (c), that the representation the house was of sound construction was "not material", asserted that it was material as a matter of law, and the issue was superfluous; that there was no evidence to support the finding, because all of the evidence was to the effect that plaintiffs relied on the representation, and would not have bought the house except for it; that the evidence was insufficient to support the jury's answer, and it was against the great weight and preponderance of the evidence. This motion was granted.

A trial court is not authorized to disregard a jury finding and render judgment on the grounds the evidence is factually insufficient or the finding is against the weight and preponderance of the evidence. It may then only grant a new trial. Gulf, Colorado & Santa Fe Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933, 937. Our initial duty under the court's order, then, is to determine whether there is any evidence "reasonably tending to prove, either directly or indirectly," the fact which the jury found, Clifton v. Koontz, 160 Tex. 82, 325 S.W.2d 684, 688, 79 A.L.R.2d 774, under familiar tests. See Fisher Construction Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199. However, we are unable, as will appear, to ascertain what the jury actually found.

Appellees say the question before us is whether the representation found "was of a material fact as a matter of law," and they seek to distinguish representations of material fact from expressions of opinion, conjecture, "puffing and sales talk." They tell us the legal issue is whether the representation was one of fact or not. It is insisted the representation found related, as a matter of law, to the condition, kind and quality of the property, and was consequently "material" under such decisions as Putnam v. Bromwell, 73 Tex. 465, 11 S.W. 491.

This is not the issue involved as we analyze the record. There is no definition of the term "material" in the charge. Appellant's attorney objected because no issue was submitted in the charge as to whether the representation induced plaintiffs to purchase the house. The objection was overruled.

Appellees also say that if the representation was material, the inducement was material. The adjective "material" is employed twice in Art. 4004 to modify two dissimilar nouns, each of which constitutes a separate element of actionable fraud. One of these is the *"fact"* falsely represented, which, under the statute, must be material. The other is the *"inducement"*: Under the statute, fraud in a real estate transaction encompasses a false representation of a material fact which is made as a "material inducement" to another party to enter into a contract, and but for which the contract would not have been entered into.

In H. W. Broaddus Co. v. Binkley, 126 Tex. 374, 88 S.W.2d 1040, 1042, in a case where the special issue was whether a representation operated as a "material inducement," the court held: "The test of materiality necessary to be applied to the representations inquired about is whether the contract would have been signed by Binkley without such representations having been made." The court there held an issue embodying this test should have been submitted, and suggested the issue be framed as was that in Butler v. Cole, Tex. Com.App., 53 S.W.2d 1010, 1011.

We have carefully examined the evidence admitted, and it is clear there is evidence of probative force to support the disregarded jury finding, if in reality the finding is that referred to in the Binkley case, i. e., that the representation was not "material" as an inducement. In this situation we recognize that ordinarily, under Rule 324, Texas Rules of Civil Procedure, judgment should be rendered for appellant on the verdict, since appellee has filed no cross points. DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 100; Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628, 631. This we would do if we knew what the verdict was. The difficulty precluding rendition, however, is that it is obviously not ascertainable from the record whether the disregarded finding related to materiality of inducement under the Binkley decision.

We sustain appellant's point complaining that the charge fails to submit an issue as to whether the representation induced the making of the contract, under the holding in that decision. It is not necessary to pass on other points. Reversed and remanded.