Norman **SHEPARD**, Appellant,

v.

Joan **RUBIN**, Appellee.

No. 17527.

Court of Civil Appeals of Texas, Dallas.

Dec. 31, 1970.

Rehearing Denied Jan. 22, 1971.

———◆———

Linda A. Whitley, Berman, Fichtner & Mitchell, Dallas, for appellant.

William B. Pasley, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Joan Rubin instituted this action against Norman Shepard in which she sought damages for alleged noncompliance with the terms of a contract of sale of a boat. In her original petition she alleged that Shepard had stopped payment on a check given by him for the contract price of the boat. She also charged that Shepard had converted the boat to his own use.

Shepard timely filed his answer in which he leveled a number of special exceptions directed to the pleading of damages and, following a general denial, he specifically pled failure of consideration, denial of con-version, and a misrepresentation of a material fact concerning the seaworthiness of the boat.

The trial court, on February 18, 1969, at a pretrial hearing sustained practically all of the special exceptions leveled against plaintiff's petition, especially those having to do with the elements of damages. Such action on the part of the trial court would necessarily require repleading by plaintiff.

On February 27, 1969 Shepard's attorneys received a notice from the trial judge which advised that the case was set for trial on its merits for October 20, 1969 and advising that if either party desired to direct exceptions to current pleadings such must be filed at least seven days before trial date. Such notice also stated: "Amendments filed by plaintiff within 7 days may necessitate a re-setting of the case." Such notice by the court contained a published rule applicable to the 160th District Court of Dallas County and reading in part as follows:

"All cases dismissed for want of prosecution will require either a motion to reinstate or agreement of opposing counsel. The Clerk's costs in connection with dismissal and reinstatement, amounting to $5.00, will have to be paid before reinstatement."

Thereafter on March 27, 1969 plaintiff Rubin filed her first amended original petition in which she reasserted primarily the same allegations contained in her original petition with the exception that she omitted a prayer for attorney's fees. Though shown to have been filed with the district clerk on March 27, 1969, the first amended original petition does not contain a certificate that a copy thereof had been mailed to adverse counsel. According to the undisputed record a copy of the amended pleading was never received by counsel for defendant Shepard.

On Friday, October 17, 1969, in accordance with the rules of the district courts of Dallas County, a docket call was had in the Central Jury Room at which time the

Judge of the 160th District Court called the subject case for announcements for the following Monday. No announcement was made by attorney for plaintiff Rubin whereupon the trial judge orally decreed that the cause was dismissed for want of prosecution. The attorney for defendant Shepard, who was present at the call but made no announcement, left the Central Jury Room following such judgment of dismissal. Thereafter, counsel for plaintiff Rubin appeared in the Central Jury Room and though no motion to reinstate was filed by him and no effort was made to contact attorney for defendant Shepard concerning an agreement to reinstate the case, the trial court, apparently upon its own motion, did reinstate the case for trial on Monday morning. Thereafter, at approximately 4:30 p. m. on Friday, October 17, 1969, attorney for defendant Shepard received a telephone call from a lady identifying herself as the clerk of the 160th District Court in which she requested that he appear at the court on Monday morning. Counsel for defendant advised the clerk at that time that the case had been dismissed and further that no amended pleadings had been filed to which the clerk responded that the matter of amended pleadings should be taken up with the court on Monday morning.

On Monday morning, October 20, 1969, the court called the captioned case for trial and at that time the attorney for defendant Shepard learned for the first time that an amended pleading had been filed by plaintiff in March. Counsel for defendant Shepard was informed by the trial judge that he, on his own motion, had edited the amended pleadings filed by plaintiff, without the presence of the defendant or his counsel and was never informed what portions had been omitted. Thereupon counsel for defendant Shepard filed his motion for continuance in which he alleged the foregoing facts and stated that he was surprised at the discovery of the amended pleadings; that due to such surprise, and the failure of counsel to supply him with a copy of amended pleadings as required by the rule, he had no opportunity to file exceptions to the pleadings or to otherwise prepare the case for trial. Counsel further recited the facts concerning the dismissal of the cause for want of prosecution on the preceding Friday and that no motion to reinstate had been filed or acted upon with notice to counsel. This motion for continuance was duly verified and was not opposed. The court promptly overruled the same.

Defendant's counsel then filed a supplemental first motion for continuance in which he alleged the absence of a material witness. Such motion was in due form, verified, and unopposed. This motion was likewise overruled.

The case proceeded to trial before a jury, over the strenuous objections of Shepard, and all issues submitted to the jury were answered favorably to Rubin. Thereafter the trial court rendered judgment, based upon the jury verdict, against Shepard, from which judgment he brings this appeal.

Appellant's first series of points attack the validity of the judgment because of the action of the trial court in forcing him to trial under the circumstances related.

When all of the preliminary proceedings have been carefully evaluated it becomes quite apparent that appellant should not have been required to proceed to trial. Through no fault of his own he could not have possibly prepared himself to defend the action at that time. Rule 72, Vernon's Texas Rules of Civil Procedure, is explicit in its requirement that whenever any party files a pleading, plea, or motion of any character he shall at the same time either deliver or mail to the adverse party or his attorney of record a copy of such pleading, plea, or motion. Basic fairness and justice demand compliance with this salutary rule. While it has been said that an attorney has a continuing duty to keep in touch with the developments of his case, the extent to

which he should inspect the records is naturally affected to some extent by Rule 72, T.R.C.P., 5 Texas Bar Journal 426 (1942); 8 Texas Bar Journal 24 (1945). We believe that an attorney may justifiably rely upon Rule 72 and most assuredly the failure to comply with the provisions of such rule ought to be considered very carefully by the trial court in determining the issue of surprise caused by noncompliance of the rule.

The record is undisputed that no copy of the amended pleadings was either forwarded to or received by attorney for appellant and the first knowledge he had of such pleadings, though filed months before, was on the very day of trial. Appellant advised the court that he desired to file exceptions to such amended pleadings and also to plead a new defense, that of breach of warranty. Such right was denied him.

We also think that the trial court committed error in requiring appellant to proceed to trial on Monday morning, October 20, 1969, when the case had been dismissed for want of prosecution on the preceding Friday and had not been reinstated either by motion or consent of counsel, as required by the rules issued by and governing the affairs of the 160th District Court of Dallas County, Texas.* We think that when counsel for appellant heard the pronouncement by the trial judge that the case had been dismissed for want of prosecution he had a right to rely upon the local rules governing the 160th District Court. No motion to reinstate was filed. No agreement to reinstatement was acceded to by appellant's counsel. No fee was paid the clerk for reinstatement. The case was not taken from the list of cases and placed at the end of the list nor was it passed when the obvious inconvenience of the adverse party was demonstrated. We hold that under these circumstances the trial court abused its discretion in ordering appellant's counsel to trial on Monday, October 20, 1969.

Appellant's original and supplemental motion for continuance should have been sustained. Both motions were in due form, duly verified, and unopposed. Under these circumstances there is no presumption in law that the court did not abuse its discretion. Piedmont Fire Ins. Co. v. Dunlap, 193 S.W.2d 853 (Tex.Civ.App., Galveston 1946, writ ref'd n. r. e.).

As to the supplemental motion for continuance, based upon the absence of a material witness, the same is in regular form, duly verified, and unopposed by appellee. The motion affirmatively shows that the absent witness, being on vacation and unavailable to be subpoenaed, would testify to material facts relating to appellant's defense. In passing upon the propriety of this motion we think that the trial court should have taken into consideration the whole picture of the case, as related above, which clearly gave appellant every reason to believe that the case would not be reached for trial on Monday, October 20, 1969, since (1) no amended pleadings had been filed and (2) the case had been dismissed for want of prosecution the preceding Friday.

Accordingly, we hold that reversible error is demonstrated by the action of the trial court in requiring appellant to proceed

* The general rules of practice in civil cases in the district courts of Dallas County, Texas, issued under authority of Rule 817, T.R.C.P., and having been adopted by the district courts of Dallas County, including the 160th District Court on January 2, 1965, provide that when no announcement is made for the plaintiff when the case is called for trial that the case may be dismissed for want of prosecution. Section 14(c) of said rules provides:

"Whenever the Court receives a late announcement on behalf of plaintiff after the central docket call, the case may be placed at the end of the list for that week; provided that if the failure to make timely announcement shall cause inconvience to any other party, the case shall be removed from the list, and a new setting shall be required."

to trial and we therefore sustain appellant's points 1 through 6 inclusive.

Appellant's points 7, 10, and 12 complain of the trial court's failure to instruct the jury on the meaning of the term "material fact" and also in refusing to comply with the request of the jury, during deliberation, that the term "material fact" be defined for them. Appellant, in his original answer, had alleged that appellee had made certain fraudulent misrepresentations of material fact concerning the seaworthiness of the boat in question which had induced him to purchase the boat. A false representation together with reliance thereon is one of the elements of actionable fraud. Sanders v. Select Ins. Co., 406 S.W.2d 937 (Tex.Civ.App., Dallas 1966, no writ) and Morgan v. Box, 449 S.W.2d 499 (Tex.Civ. App., Dallas 1969, no writ). The trial court, in its first two special issues, asked the jury whether appellee had made such representation to appellant concerning the boat. In Special Issue No. 3 the court inquired as to whether such representation, if made, was of a "material fact". Appellant duly and timely objected and excepted to Special Issue No. 3 on the ground that same did not contain a definition of the term "material fact" and thus the jury would be allowed to speculate as to the legal consequences of the issue. Further, appellant submitted a requested definition of "material fact" as being "such fact to induce action on the part of the complaining party". The trial court refused appellant's request. During deliberations of the jury the foreman thereof delivered a note to the court which inquired: "The jury would like a more full explanation of what question 3 means. What is a material fact?" Without calling appellant's counsel into court (though he was available in the courthouse in the lawyers' lounge and such fact was known to the bailiff of the court) the trial court delivered to the jury an answer to their question as follows: "The question is couched in plain every-

day language so it is not clear what is confusing you. If there is some word you are stumbling on, we will look up the meaning in Webster's and give you the definition. There are no words used therein which have a peculiar legal meaning. Your individual common sense and understanding should suffice." Thereafter the jury proceeded to submit their verdict in which they found that the representation made was not of a material fact.

We think that the trial court committed error in not defining the term "material fact" as requested by appellant and also by the jury. While in some instances the term "material fact" may have an everyday meaning yet in this instance we are dealing with the submission of one of the elements of actionable fraud and in such case the term "material fact" does have a peculiar legal meaning and significance. Restatement of the Law of Torts, Section 538, p. 86, et seq.; H. W. Broaddus Co., Inc. v. Binkley, 126 Tex. 374, 88 S.W.2d 1040 (1936, opinion adopted). See also cases collated in Words and Phrases, Permanent Edition, Vol. 26A, "Material Fact", p. 248, et seq.

Our action in sustaining these points of error requires that the case be reversed and remanded for a new trial and therefore renders it unnecessary that we pass upon appellant's remaining points of error which deal with the failure of the trial court to submit requested issues, the absence of or inadequacy of evidence to support the verdict, and the proper measure of damages. Upon another trial the pleadings and the evidence may be different and the trial court will be governed by the record as then made.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.